DELAUS W. HERRICK, Respondent, v. GEORGE A. WOOLVERTON, Appellant.

A note payable on demand with interest, transferred nearly three months after date, is subject, where the parties have their places of business in the same street of the same city, in the hands of the transferee, to any defence existing in behalf of the makers against the payee previous to the transfer.

*Merritt* v. *Todd* (23 N. Y., 28), commented upon.

(Cause argued in April, 1869; a re-argument ordered in September, 1869; re-argued January 10th, 1870, and decided March, 23d, 1870.)

APPEAL from an order of the General Term, third district, granting a new trial on a verdict rendered at the circuit in favor of the defendant.

The action was brought on a promissory note made by the defendant, on the 9th day of February, 1861, for $1,500 on demand, with interest, to the order of H. D. Hawkins, and immediately on the same day indorsed by him, and delivered to Jonathan R. Herrick, who was the original holder or indorsee; who continued to hold it until the 28th of April, or 1st of May, 1861, when he transferred it to his brother, Delaus W. Herrick, the plaintiff.

The note was executed and delivered to Jonathan R. Herrick upon a transfer by him to the defendant of fifty shares of the capital stock of the Bank of Albany. The plaintiff, defendant, Hawkins, and Jonathan R. Herrick, were at the time merchants, doing business in Broadway, in the city of Albany; and before the commencement of the action, the defendant duly tendered the stock, and demanded the note, which was refused.

The question of fact litigated at the trial, in regard to the execution and delivery of the note to Jonathan R. Herrick, was, whether as between him and the maker, it was, or was not, without consideration; or rather, whether it was given as the defendant claimed, as a mere memorandum, by way of security for the return of fifty shares of the capital stock of

the bank of Albany, borrowed by the defendant from Jonathan R. Herrick; or, as claimed by the plaintiff, given to secure the payment for said fifty shares of stock purchased of said Herrick by the defendant. The plaintiff claimed, that it was a sale of the stock, and that the note was given for the purchase price. The defendant claimed the transaction was a mere loan of the stock, to secure the return of which the note was made. Upon this issue the evidence was conflicting. No evidence was given by either party to show whether or not, the plaintiff before, or when he took the transfer of the note, had any actual notice of the claim of the defendant; that it was executed to secure the return of the stock, or to show whether or not, the transfer of it to him from Jonathan R. Herrick was for a valuable consideration.

The court charged the jury, among other things, that the note having been given nearly three months before it was transferred to the plaintiff, and all the parties living in the same street, doing business with each other, it was notice to the purchaser to inquire as to the note; and if he failed to make such inquiry, the note was open to any defence existing between the original parties. To which the plaintiff's counsel excepted.

The counsel for the plaintiff asked the court to charge that the note being payable on demand, *with interest,* it was a continuing security, and did not become due until an actual demand was made. The court refused so to charge, and the plaintiff's counsel excepted.

The jury found that the transaction was a mere loan of the stock, and that the note was made as a memorandum by way of security for the return of the stock, and for no other purpose, and rendered a verdict for the defendant.

The plaintiff made and served a bill of exceptions, which was ordered to be heard in the first instance at the General Term, where a new trial was granted, with costs to abide the event, and the defendant appealed to this court, pursuant to the last clause of subdivision 2 of section 11 of the Code.

*John H. Reynolds*, for the appellant, cited *Haxton* v. *Bishop* (13 Wend., 13, 21); *Sice* v. *Cunningham* (1 Cow., 397, 407); *Thompson* v. *Ketchum* (8 Johns., 190); *Gaylord* v. *Van Loan* (15 Wend., 308); Edwards on Bills, 156; *Losee* v. *Durkin* (7 John. R., 70); *Hendrick* v. *Judah* (1 John. R., 319); *Furman* v. *Haskins* (2 Caines. R., 369.)

*Henry Smith*, for the respondent, cited *James* v. *Chalmers* (2 Seld., 214); *Pratt* v. *Adams* (7 Paige, 616); *Nelson* v. *Cowing* (6 Hill, 339); *Barough* v. *White* (6 Dow. & Ry., 379); *Wethey* v. *Andrews* (3 Hill., 582); *Merritt* v. *Todd* (23 N. Y., 28); *Scovil* v. *Scovil* (45 Barb., 517, 523, 524); *Payne* v. *Gardiner* (29 N. Y., 146, 172, 173); *Payne* v. *Slate* (39 Barb., 634, 640-2); *Weeks* v. *Prior* (27 Barb., 80, 81).

FOSTER, J. The jury having found that the transaction between the defendant, who was the maker of the note, and Jonathan R. Herrick, who was the real payee or first holder, was a mere loan of the bank stock from the latter to the former, and that the note was made as a memorandum by way of security for the return of the stock, and for no other purpose, they virtually found that the paper, though in form a promissory note, was never intended as such between them; that it was issued to be used only for the purpose above specified, and was never intended by them to be issued, used or circulated as a *promissory note*, and doubtless, as between them it could not be claimed to be such; at least, unless default should be made by the defendant in the return of the stock, and it cannot be claimed upon the evidence in the case, that such default had been made.

An important inquiry, therefore, is whether at the time the note was transferred from the payee to the plaintiff, it had become due, in such sense as to be dishonored, for if it was, then the plaintiff took it subject to all equities between the payee and maker and he could not recover upon it, even though he took it without any actual notice of the defence and for a valuable consideration; for in such case the law implies notice

to him of all existing equities or defences which the maker had to it as against the payee, and such presumption is conclusive.

If, therefore, the note was dishonored when the plaintiff received it, the charge of the judge and his refusal to charge as requested by the plaintiff's counsel, were correct. This proposition of law is not disputed, and is well established.

The uniform consent of authority in this State was, that a note payable on demand, must be presented within a reasonable time, or it would be deemed due and dishonored, so that a negligent transferee would take it subject to all equities existing between the original parties; and that the rule applied, whether the note was payable *with interest* or not. (*Furman* v. *Haskins*, 2 Caines, 369; *Losee v. Durkin*, 7 J. R., 70; *Sice* v. *Cunningham*, 1 Cowen, 397), (where the same rule was held between subsequent holder and indorser). And *Wethey* v. *Andrews* (3 Hill, 582), gives the same rule as applicable to notes on demand, *with interest;* holding, that a note on demand with interest, is a lasting security, but applying the rule to it, that the demand must be made within a reasonable time; and says, that notes on demand, without interest, are due immediately.

The rule, as to reasonable time, which has been applied to such notes, has been quite different from the rule, in that respect, applicable to checks, as between drawer and holder; and to drafts or bills of exchange, as between drawer or indorser, and holder, which requires them to be presented without delay. The rule as to such notes, requiring them to be presented within such time, as under all the circumstances of the case, and the situation of the parties, the court shall adjudge as matter of law, to be reasonable between them. In *Furman* v. *Haskins*, the note was held dishonored, where the transfer was made eighteen months after its execution. In *Losee* v. *Durkin*, where no special circumstances appeared, the court held, where the note was transferred two and a half months after it was executed, that in an action brought thereon by

the transferee, the maker might prove a payment, made while it remained in the hands of the payees, and in that case, the note was payable *with interest.*

In *Sice* v. *Cunningham,* where the action was by the indorsee against the indorsers, it was held, that a note payable on demand, was due presently, and must be demanded within a reasonable time, and that a delay of five months in making demand of the maker, discharged the indorser; and the court also held, that proof of a parol agreement to vary the time of payment fixed by the note, could not be received.

In *Wethey* v. *Andrews,* the Supreme Court, for the first time, noticed any distinction between demand notes, with, or without interest.    That was an action of the subsequent holder against the maker of a note on demand with interest. It was transferred from the payee to one Grimshaw, a purchaser thereof, within a week after it was executed; and within about a month after its execution, he transferred it to the plaintiff, who paid him the money for it.    The defendant, the payee, and the first transferee, all lived in the same village, and the plaintiff lived within two and a half miles of them; and the defence offered was, that the note was executed without consideration.    The plaintiff recovered, the court holding that the cases furnish no principle for fixing the time with exactness, when a negotiable note, payable on demand, shall be deemed dishonored, so as to let in a defence against the payee, as against one to whom it has been negotiated; that the note was *with interest* and came to the hands of the plaintiff some four or five weeks after it was executed, and that no law adjudges such a note to be dishonored so soon after its date.    In delivering the opinion, COWEN, J., says, in substance, that, if the note had not been on interest, he should have thought it right to presume it had been demanded and payment refused, perhaps even at the time when Grimshaw obtained it; but he thought the contrary was to be presumed with regard to one which bore interest, and thought it would be contrary to the general course of business to demand payment short of some proper time for

computing interest. He also cited the case of *Barough* v. *White*, as reported in 6 Dowl. & Ryland, and in 4 Barn. & Cress., as showing that such a note in England is considered as a continuing security and is not dishonored until payment is demanded and refused; but we are not informed that the court adopted that rule, and the whole case shows that it was meant to decide, and that such a note is not due or dishonored immediately.

Now, the precise question before the court in *Wethey* v. *Andrews* was, whether, in an action by a subsequent holder upon a note on demand, with interest, transferred by the payee *within a week* after its inception, the maker could set up the defence existing between him and the payee that the note was without consideration, upon the sole ground that it was dishonored by the delay of a week without demand for payment. The court was doubtless correct in its decision, and correct in saying that there was no case holding such a note to be dishonored; and in that respect, I think there is no distinction, in the cases to which the court alluded, between such notes and those payable on demand, without interest; for I am not able to find any case which declares a note on demand, without interest, dishonored by not being demanded or paid within a week after it is executed; and although, in the opinion, the judge treats the case as though the material transfer took place four or five weeks after the making of the note, it is actually certain that no such question was involved; for it is perfectly clear, upon principle and authority, that if the transfer to Grimshaw was before the note was dishonored, the subsequent holder would succeed to all his rights as between him and the maker, irrespective of all questions of notice to or of valuable considerations paid by such subsequent holder. It would seem that the judge supposed that the rule, held in the case of *Barough* v. *White*, which he cited, was different in England in regard to notes on demand, *with interest*, from what it was in regard to demand notes not on interest; and if so, I think he was mistaken. But whether the *opinion* expressed by the judge in *Wethey* v.

*Andrews* was correct or not, it must be conceded that the law of that case was correctly decided.

The Supreme Court, in the case at bar, followed what was supposed to be the principle adopted by this court in the case of *Merritt* v. *Todd* (23 N. Y., 28). It is doubtless true that this court held, in that case, that a promissory note, payable on demand, with interest, is a continuing security; that the indorser remains liable until an actual demand of payment; and that the holder, as between him and the indorser, is not chargeable with neglect for omitting to make such demand within any particular time; and whether the reasoning upon which the decision was based be correct or not, such is the decision of this court. It however only *decides* what the law is between holder and indorser; and the chief judge, in his opinion, discriminates between that case and such as the one before us, and says: "It may be well to observe that the present question is not identical with the one which arises when, after the transfer of such a note, the maker seeks to introduce a defence existing against the first holder. The lapse of time, or the non-payment of interest after the regular period, or period for such payment have passed, may be sufficient to put the purchaser on inquiry or to justify a presumption that the instrument was actually dishonored before the transfer. It might well be true, in such a case, *that a demand had been actually made and notice given to the first indorser, so as to charge him, while at the same time the maker would be let in to defend, if he had any defence.* Questions of charging the indorser, therefore, and questions of allowing an original defence to the maker may depend on very different considerations." In other words, that, as to the maker, the note might be considered dishonored, while, at the same time, as between the holder and indorser, the former has been guilty of no laches.

It is clear to my mind, that this court did not intend to decide what the rule should be as between maker and holder, but only as between holder and indorser, and therefore, it cannot be claimed, as the Supreme Court seemed to

588 HERRICK v. WOOLVERTON. [March,

suppose, that their decision in the case before us was required, and controlled by the case of *Merritt* v. *Todd*. Nor does it prevent us from determining the questions presented here, according to the decisions in other analogous cases. In fine, it *decides* nothing in regard to such notes, as between maker and holder. And I am not aware of any case in this court, or the Supreme Court, except the decision in this case of the court below, which in terms dissents from the ruling in *Losee* v. *Durkin*, or attempts to overrule it; and that case which was decided in 1810, held that such a note as this was dishonored when it had been held by the payee for two months and a half, so as to let in the defence against the subsequent holder, by payment to the first holder, while he owned the note.

It may be, that, as against an indorser of such paper, he may be holden, though the maker should have a defence arising between him and a first holder of it, for the reason, that by indorsing the note, he submits his liability without any certain, fixed limits as to time, and to some extent consents to have his rights affected by the action of both maker and holder, even though as between *them*, it is due at once, so that the maker may pay it at any time; and the holder may demand payment, or sue the maker without demand at any time; that having indorsed such paper he has no right to complain that neither of them have taken such steps as to retire the note, or fix his liability at an earlier day.

It must be conceded, that under the rule which has obtained in this State, there has always been some doubt and uncertainty when such a note as this would become dishonored by want of demand or non-payment; but such uncertainty need not subject parties to any risk, where due caution is exercised.

I think it is not correct to say that such notes are *intended* for circulation from hand to hand as commercial paper. It is true that they do so circulate to some extent; but, generally, the notes which are issued and used for circulation are payable at a day certain, and in regard to which all the parties know when

and how the liabilities of indorsers are to be fixed or discharged.

There is no good reason why such notes should circulate as commercial paper, any more than that paper payable at a time certain, and which is past due, should perform that office; for both alike must be paid whenever the holder requires it. And why should either kind be circulated. The obligation of the maker of either has matured, or at farthest, matures on demand, which in both cases may be made at once; and if the holder wants to raise money on them, why not apply for payment, and receive it from the party from whom it is due, instead of selling it to some one else, who may the next moment make such demand. The very fact, that the holder of such paper offers it for sale or circulation, seems to imply that there is some reason not apparent, why he does not demand its payment of the maker. And surely no one can doubt that such paper *is* legally payable immediately after it is issued, if the holder demands it.

Independent of authority, the application of the rule which is held between holder and indorser in *Merritt* v. *Todd*, to the case of holder and maker would leave the time when the note would be payable quite as uncertain as it would be when it becomes dishonored under the rule as claimed by the appellant, while all the maker's actual intentions in issuing the paper might be frustrated; and he must have no right to pay it until the holder choose to demand it. For it cannot be, that such note as against the holder is not payable until he chooses to demand it; and that at the same time, the maker may pay it when he pleases. The rule adopted in *Merritt* v. *Todd*, as applied to the indorser is, that the note is due *only on actual demand*, and if it is applied as against the maker, it must be accompanied with all its legal consequences; and of course, while the holder can require payment sooner or later, as he chooses; the only certainty on the part of the maker is, that he must be certain to have the money ready whenever it is called for, and yet continue liable to pay interest without any right to compel the holder to receive payment until he

chooses to do so. And while such rule will enable the holder to carry out any intention that *he* may have had, to loan his money for such a time as is usual when made on the security of commercial paper, it affords no safe-guard against a change of such intention on his part, and leaves any such intention of the maker without any protection whatever; for the note is due when demanded. The holder may be as vigilant or negligent as he pleases. The maker and indorser are bound to wait his time; and the only law of the case is his will. If we adopt it in this case, we should change the well established principle, that as to such a note, the statute of limitations commences to run from its date, so that it should commence only from the time of demand made, and thus add still farther to the security of the holder, and to the prejudice of the maker.

I think the case of *Merritt* v. *Todd*, has extended the principle of continuing security in such a case to the very verge; and that to apply it between holder and maker would be putting the maker in the power of the holder to an extent which is entirely unnecessary. If it is the intention of the parties that paper executed between them shall be a continuing security and as a promissory note for a term of time at which interest is annually computed, it is much better that the paper should be made in such form as shall evidence such intention more clearly, and give to the parties the benefit of it, than to change the law so as to benefit the holder only.

In this country the law is, that a promissory note, payable on demand, unless demanded within a reasonable time, is considered as overdue and dishonored. (*Ranger* v. *Cary*, 1 Metc., 369; *Croswell's Executors* v. *Arrot;* 1 Sergt. & R., 180; *Loomis* v. *Pulver*, 9 J. R., 244; *Van Hoesen* v. *Van Alstyne*, 3 Wend., 75, 79). And the rule is the same even if expressed to be payable with interest. (*Thompson* v. *Hale*, 6 Pick., 259; *Sylvester* v. *Crapo*, 15 Pick., 92; *Newman* v. *Kettelle*, 13 Pick., 418; *Wight* v. *Foster*, 13 Pick., 419; *Nevins* v. *Townsend*, 6 Conn., 5; *Losee* v. *Durkin*, and *Sice* v. *Cunningham*, *infra*.) And, as in this state, no absolute measure of this reasonable time has been fixed. A day or two. (*Field*

v. *Nickerson,* 13 Mass., 131, 137.) Seven days. (*Thurston*
v. *McKenn,* 6 Mass, 428.) And even a month (*Ranger* v.
*Cary,* 1 Metc., 369), is not too long. While eight months
*American Bank* v. *Jenness* (2 Metc., 288); *Ayers* v. *Hutch-
ins* (4 Mass., 370), three months and a half. (*Stevens* v. *Brice,*
21 Pick., 193.) And even two months and a half. (*Losee* v.
*Durkin,* 7 J. R., 70); and *Sice* v. *Cunningham* (1 Cowen,
397, 404), have been deemed sufficient to discredit a note.

The statute of limitations commences to run from the date
of a note payable on demand, whether without interest.
(*Newman* v. *Kettelle,* 13 Pick., 418; *Larson* v. *Lambert,* 7
Halst., 247; *Kingsbury* v. *Butler,* 4 Verm. Rep., 458), or
whether it be *with interest.* (*Mason* v. *Mohawk Ins. Co.,* 13
Wend., 267.)

COWEN, J., in *Wethey* v. *Andrews,* and the chief judge, in
*Merrit* v. *Todd,* appeared to suppose that in regard to the
time when demand notes became due, there was a difference
in England between those payable with interest, and those on
demand merely. And yet I think it will be found that no
such distinction prevails there.

Formerly, notes on demand, were held to be due immedi-
ately. (*Copp* v. *Doncaster* Cro. Eliz., 548.) Where it was
contended that the said demand was parcel of the contract,
so that the money was not due until demand, and that a
demand by bringing the action would not do, but
the court said, the duty of payment was "a duty maintained,
and, therefore, these need no demand, as in other cases."
(*Rumball* v. *Boyle,* 10 Modern Rep., 38.) Where in an
action upon a note payable on demand, it was moved in arrest
of judgment that no demand was alleged in the declaration;
but the court held it to be a debt *in presenti,* and that it was
a debt plainly precedent to any demand. *Collins* v. *Demming*
(3 Salk., 227) decides the same point, and also holds that the
statute of limitation commenced running from the date of the
note. And 15 Viner's Abr., 103, note, is to the same point.

It is assumed that the rule in England now is, that a note
payable on demand with interest, is a lasting security, and is

not dishonored until payment is demanded. In *Barough* v. *White* (as reported in 4 Barn. & Cres., 325), which contains a report of what was said by each of the judges, the question was whether in an action brought by a subsequent holder of a note, on demand, with interest, for which he had paid value, the maker should be allowed to prove the declarations of the first holder while he owned it, that he gave no consideration for it to the maker. It was held that such declarations could not be given. And BAILEY, J., in his opinion, says : " In this case no demand was proved, and the note being made payable *with interest*, to Arnott or order, makes it probable that the parties contemplated that the note should be negotiated for some time." And he also said, that the defendant did not identify the first holder with the plaintiff, and that for these reasons the evidence was properly rejected. The three other judges placed their decision on the ground, that the declarations of a prior holder of a note, cannot be given in evidence against a subsequent one, but that such alleged facts must be established by other proof. And such is the well settled law in this State. It is true, that LITTLEDALE, J., also said he thought the note not over due, and that it seemed to him that it was a lasting security. He, however, does not allude to the fact that it is with interest; and *Holroyd*, J., says it was not over due, "for a note payable *on demand*, is not open to the same suspicion, as a note over due which is made payable at a particular time." In *Brooks* v. *Mitchell* (9 Mees. & Wels., 15), it was decided that a promissory note payable on demand, with interest, was not to be treated as over due, so as to effect an indorsee with any equities against the endorser, merely because it was indorsed several years after its date. Not an allusion is made by any member of the court, that the note was on interest, and PARKE, B., reiterates the assertion, that a promissory note payable *on demand*, " circulates for years," and " is current for any length of time." And the syllabus o˙ the case takes no notice that the note was with interest.

But I have said, that in England there is no difference, in

this respect, between notes on demand with interest, and notes on demand, merely. And I think the manner in which these two cases are treated by the judges, shows that they understood the rule to be, and that they were only applying the same rule to these notes, which they considered applicable to all other notes payable on demand. In *Haywood* v. *Watson* (4 Bingham, 496), the action was against the maker on a note as follows: "On demand, I promise to pay to Cyrus Morrell, or order, £1,000, value received," which passed to the plaintiff as subsequent holder long after it was executed, and the defendant attempted to set up a defence to it as against the first holder. But the court ruled that the plaintiff was entitled to recover on the ground that, when the plaintiff took the note, it was not dishonored. And PARKE, J., said: "For though the note was made in 1824, it was payable *on demand,* and therefore could not be esteemed over due till demand had been made." And the note was not with interest. I do not know how the English decisions on this subject are to be reconciled, for these cases hold, in conflict with the previous decisions, that all demand notes are continuing securities, and are not over due or dishonored until actual demand and yet they continue to decide that the statute of limitations commences to run against them from their date. (*Norton* v. *Ellam,* 2 Mees. & Wesb., 461.) The action was on a note by which the maker promised to pay £400 on demand *with simple interest,* and the only question presented to the court was, whether the statute ran from the date of the note or from the time of the demand The counsel attempted to draw the distinction that the note was payable *with interest,* and therefore could not be due immediately, but the Court of Exchequer unanimously repudiated the idea, and say: "Then is there any difference when it is payable with interest? It is quite clear that a promissory note, payable on demand, is a present debt, and is payable without any demand, and the statute begins to run from the date of it. Then the stipulation for compensation in the shape of interest makes no difference, except that

thereby the debt is continually increasing *de die in diem*."
And as to notes payable on demand that do not stipulate for
interest, the English decisions are uniform in declaring that
the statute commences to run from their date.

I think, upon principle and authority, the note in question
was dishonored at the time it was transferred to the plaintiff.
And that neither the wants or convenience of business call
for any change of the rule.

The charge of the judge therefore, and his refusal to charge
as requested, were correct. The order of the General Term
should be reversed and judgment rendered for the defend-
ant on the verdict.

EARL, Ch. J. If this action had been brought at any time
before the case of *Merritt* v. *Todd* (23 N. Y., 28), the law, as
it was understood to be settled in this State, would have
required a judgment for the defendant. That case is under-
stood to be a departure from every case in this State previ-
ously decided upon the same point, and to have laid down a
new rule. However much we may differ with the learned
judge who wrote the opinion in that case, as to the propriety
of the rule laid down by him, it is better to adhere to it than
to unsettle the law by bringing that decision in question.
When, however, it shall come to be understood among com-
mercial men that, as against an indorser, this decision means
that a demand note will never become due, however long the
lapse of time, until payment has actually been demanded of
the maker, very few persons will be found willing to indorse
such notes, and they will substantially go out of use.

But the case of *Merritt* v. *Todd* did not undertake to lay
down any rule to govern actions by the holder of a demand
note against the maker, and it recognized a distinction
between such an action and an action against the indorser.
The indorser can be made liable only after a demand of the
maker; and as no time for the demand is specified in the
note, according to that decision, it may be made at any time,
at the option of the holder. But as against the maker, no

demand is necessary before suit. As to him, it is due, and may be sued at any time without previous demand. Such notes are usually temporary shifts, the common understanding being, that the holder may demand payment at any time, and the maker may pay at any time. They are given, not to be paid immediately, but with the understanding that they are to run a brief period for the convenience of the parties. Hence the courts have held that such notes are not dishonored at once, but that they may run a few days, a few weeks or a few months, depending upon the circumstances of each case, before they shall be deemed dishonored, so as to let in a defence on the part of the maker which he could not set up against a *bona fide* holder who took the note before it was dishonored. It might have been a better, and would have been a more certain rule to have held these notes due and dishonored at once, so that they could not be transferred at any time so as to cut off any defence of the maker. But the rule has been settled otherwise and acted upon in this State from the foundation of our government, and it is better to adhere to the rule than to unsettle the law by making a new one.

I have thus far alluded to the law as settled before the case of *Merritt* v. *Todd*, and I have noticed the fact that that case did not profess to change the rule as against the maker of such a note. I will now call brief attention to the cases bearing upon this point, decided in this State since that case. In the case of *Payne* v. *Gardiner* (39 Barb., 634 and 29 N. Y., 146), the action was upon an instrument, as follows:

"[$1,000.]            NEW YORK, *9th of May*, 1848.

"Received from Captain William H. Payne, one thousand dollars, which is to his credit on our books at six per cent interest.

SLATE, GARDNER & HOWELL."

It was held that the receipt was evidence of a deposit of money, and that the money thus deposited, like any other

mere deposit, could not be recovered until after demand of payment. In *Scovil* v. *Scovil* (45 Barb., 634), the action was upon a promissory note, payable on demand with annual interest. The defence was, the statute of limitations. Judges MORGAN, MULLIN and BACON wrote opinions, and the two former, assuming that the statute commenced to run at the date of the note, held that it was not barred; but Judge BACON held that the statute did not begin to run until the payment of the note had actually been demanded. He professed to follow a decision in the third judicial district which is supposed to be the case which we are now called upon to decide. He laid stress upon the fact that that note was payable on demand with *annual* interest, and inferred that the parties intended that the note should run at least one year. But it does not appear that the other two judges concurred with him. In *Howland* v. *Edmonds* (24 N. Y., 307), it was held that a note, payable on demand, might be prosecuted immediately without a demand, and hence, that the statute of limitations began to run on such a note at its date. In *Hirst* v. *Brooks* (50 Barb., 334), the action was upon two promissory notes payable on demand, *with interest*, dated, one in 1841 and the other in 1842. The action was commenced in May, 1866. No demand of payment upon the notes had been made until just previous to the commencement of the action. Interest had been paid upon the notes in 1844, more than twenty years before the action was commenced. The defence was the statute of limitations, and the court held that the statute upon such notes begins to run from the date of the notes and sustained the defence. These are all the cases decided in this State since the case of *Merritt* v. *Todd*, to which our attention has been called, and it will be seen that none of them go far enough to sustain the decision of the General Term in this case.

I do not perceive how the fact, that the note is payable with interest, can make any difference with the question we are now considering. A note simply on demand will not draw interest. (*Bishop* v. *Truffin*, 1 Daly, 155; *Purdy* v

*Phillips*, 1 Kernan, 406; Edwards on Bills, 712; Smith's Merc. L., 526; 2 Parsons on Notes and Bills, 393.) As demand notes are always expected by the parties to run for a brief time, the sole object of making them payable with interest is to save the interest. To hold that the words " with interest " makes that a continuing security which without them would not be, is to give these words an unnatural meaning and an effect beyond the purpose of the parties. In *Morey* v. *Wakefield* (41 Vermont, 24), decided in 1868, it was held that a promissory note payable on demand *with interest* and negotiated to an innocent holder for value, two months after its date, was past due when negotiated and subject to all defences that would have been available if the suit had been by the original payee.

I am, therefore, of the opinion that the order of the General Term should be reversed and that the defendant should have judgment upon the verdict, in his favor.

GROVER, J. The exception to the testimony given by the defendant upon his being recalled was not well taken. It does not appear to have been material to any issue between the parties. The stock for which Herrick said he was offered ninety-five or ninety-six cents, and which the defendant told him he had better sell, does not appear to have been the stock transferred to the defendant, in respect. to which, the issue between the parties was, whether it had been borrowed by the defendant of Herrick, and the note in suit given as a security for the return of a like amount of stock, or whether it had been purchased by the former of the latter and the note given for the purchase price. Although the testimony was incompetent, the plaintiff could not have been prejudiced by it. The principal question is, whether a note payable on demand with interest transferred nearly three months after date, is subject, in the hands of the holder to a defence existing in behalf of the maker against the payee previous to such transfer. In the present case, it may be remarked, that the parties were engaged in business in the same street

in Albany, and that the note must be regarded therefore, as dishonored after the lapse of three months if it would be so after the lapse of six or nine.  Upon the part of plaintiff, it is insisted that the note, being made payable upon interest, shows that the parties intended that it should not be presented for payment immediately, but rather held as an investment during the pleasure of the parties, the holder having the right to require payment at any time he chose, and that therefore the note was not to be considered as dishonored until an actual demand of payment. It is conceded by the counsel that the earlier cases in this State are in conflict with this view, but the following are relied upon as establishing its correctness by authority.  (*Wethey* v. *Andrews*, 3 Hill, 582; *Barough* v. *White*, 6 Dowling and Ryland, 379 ; *Merritt* v. *Todd*, 23 N. Y., 28 ; *Scovil* v. *Scovil*, 45 Barb., 517 ; *Payne* v. *Gardiner*, 29 N. Y., 146 ; same case, 39 Barb., 634, and *Weeks* v. *Prior*, 27 Barb., 80.)  In *Wethey* v. *Andrews*, it was held that a defence of the maker of such a note against the payee could not be interposed against the holder when the note was transferred within a week from its date.  I say within a week, for the reason that the case shows that the note was so transferred by the payee to one Grimshaw within that time, who transferred it to the plaintiff in about four weeks thereafter.  It is clear that the plaintiff acquired by his purchase from Grimshaw all his right of recovery upon the note unaffected by the lapse of time while the note was in his hands.  It is true that, in the opinion of the court, it is assumed that the note was transferred four or five weeks after date, and the doctrine contended for by the plaintiff is pretty broadly though somewhat cautiously asserted.  It is said, that it would be contrary to the general course of business to demand payment (of such a note) short of some proper point for computing interest, such as a quarter, half year, year, &c. What would be a proper point for the computation of interest is not determined ; but I think that would be found to be any period from one day and upward.  This case does not profess to overrule *Sice* v. *Cunningham* (1 Cowen, 397), nor

any of the class of cases upon which that was decided; nor is any such design inferable from the opinion. On the contrary, that and several other cases, decided upon the same principle, are quoted without any criticism or expression of dissent. *Barough* v. *White*, as reported by Dowling and Ryland, fully sustains the position of the plaintiff in the present case, the judges in their opinions respectively sustaining it; but as reported (4 B. & C., 325), Littledale only, places the judgment upon this ground. There was another ground upon which the judgment might clearly have been given: That is, that no competent proof was offered of any defence against the payee. In *Merritt* v. *Todd* it was held by this court that as to an indorser of a note payable upon demand with interest, such note was a continuing security, and that laches could not be imputed to the holder by delaying to demand payment and giving notice to the indorser for any particular time, and that the indorser continued liable until such demand made. This case clearly overrules *Sice* v. *Cunningham;* for although in the opinion of the court in the latter case nothing is said about the note being payable with interest, yet the amount of the verdict compared with the sum specified in the note and its date shows that such was the fact. The learned judge, who gave the prevailing opinion in *Merritt* v. *Todd*, admits that there was great uncertainty as to the rule of law applicable to the case, and with his usual ability reviews numerous cases in England and in this and other States involving the point, and shows that there is not only a want of harmony in the cases, but also soundness in the principles upon which many of them were decided. He shows clearly that upon principle it must be held, as to an indorser, either that the note is a continuing security and laches not imputable to the holder for delaying to demand payment for any particular length of time, or that the indorser is discharged by any such delay as would exonerate the drawer or indorser of a sight draft.

He adopted the former view, in which five of the other judges concurred, deciding the case upon that ground. This

upon a commercial question of much practical importance must be regarded as settling the question in this State. But the learned judge, in the opinion, says that it may be well to observe that the present question is not identical with the one which arises when, after the transfer of such a note, the maker seeks to introduce a defence existing against the first holder. The lapse of time, or the non-payment of interest, after the regular period or periods for such payment have passed, may be sufficient to put the purchaser upon inquiry, or to justify a presumption that the instrument was actually dishonored before the transfer; and he further remarks that the question of charging the indorser and question of allowing an original defence to the maker, may depend on very different considerations. This shows that it was not intended to determine anything affecting the latter class of questions. In *Scovil* v. *Scovil*, the question was not necessarily involved, and is only alluded to and discussed in one of the three opinions delivered. This case can hardly be said to be any authority upon the point. The question in *Payne* v. *Gardiner* was, whether the action was barred by the statute of limitations. The action was upon an instrument as follows: "Received from Capt. William H. Payne, one thousand dollars which is to his credit on our books at six per cent interest."

This, in the Supreme Court, was construed as evidencing a loan or deposit of money on time, to be determined by an actual demand of payment thereafter. It is true that, in the opinion, it is stated that the case of *Merritt* v. *Todd* had wrought a great change in what had theretofore been deemed by the profession as the law of promissory notes payable on demand with interest; but we have seen that the only point determined by that case was, that the holder of such a note was not chargeable with laches as to an indorser by delay in demanding payment, for the reason that the presumption from the paper was that the indorsement was made with the understanding that such demand would not presently be made. If the instrument is regarded as evidence of a deposit of money upon interest, it is clear that no action could be main-

tained thereon until an actual demand of payment, and that the statute would not commence running until such demand made. When the case came before this court (29 N.Y., 146), Judge MULLIN, in his opinion for affirmance, ably examines the distinction between a loan and deposit of money, arriving at the conclusion that this was a deposit and not a loan, and therefore that the money was not payable until an actual demand made. After arriving at this conclusion, he proceeds to state that it was held in *Merritt* v. *Todd*, that such a note was a continuing security and was not dishonored until after an actual demand. He then correctly argues that if a demand was necessary to fix the time of payment, the statute only commenced running from the demand. DENIO, chief judge, voted for affirmance upon the ground that a payment of interest proved was an answer to the statute, but argued, with the dissenting judges, that no demand of payment was necessary. Four of the remaining judges were for affirmance, but upon what ground does not appear. I think it clear that this case is no authority for holding that a note payable on demand with interest, is not due until an actual demand made.

In *Clarke* v. *Crandall* (27 Barb., 77), it was held that a note promising to pay a specified sum to the payee or bearer with use, and transferred within three days from date was, in effect, payable upon demand, and not to be deemed due at the time of its transfer so as to subject it to a set-off against the maker. I think there is nothing in the foregoing cases, or others, requiring us to hold that a note payable upon demand with interest, is not presently due without any previous demand. I am unable to see any valid ground for making a distinction in this respect between a note so payable with or without interest, except as to an indorser as to whom it was well said in *Merritt* v. *Todd*, that he cannot complain of delay in making demand, for the reason that he was notified by the paper itself; that it was intended that the note should be retained by the holder for interest to accrue thereon, and that his assent that it should be so retained was thereby implied. But no such reason applies when the holder offers to

transfer the note. Then it is certain that he does not wish to retain it longer for any such purpose, but to realize the amount thereof. Then why not demand payment at once of the maker is an inquiry naturally suggested to the mind of any person to whom it is offered. It is due, and the money may at once be had thereon unless some obstacle exist that would, if known, be destructive of its negotiable character in the course of business. The note is due without any demand, or it is never due until demand made, and the maker has no right to make payment in its absence; for no tender can be made upon a demand until it is due. The statute of limitations commences at its date, or it never commences until demand made, and a recovery can be had upon such a note against the representatives of a maker after the lapse of any length of time, unless they are able to prove that an actual demand was made more than six years before the commencement of the action. The non-payment of interest furnishes no presumption in favor of the defence, for that is not due until demanded, any more than the principal. Such a note does not come within the statute creating a presumption of payment, for that only applies to judgments and sealed obligations, and to these, only after the lapse of twenty years from the time when the money has become due thereon. In short, the doctrine contended for by the plaintiff, making such notes continuing securities, creates a class of obligations that the debtor can only discharge at the pleasure of the creditor, ever liable to instant payment at his like pleasure, and which no statute of limitations will ever bar. No such doctrine has ever as yet been held by this court, and the entire current of decisions in this State, from the earliest reports, is against it. In *Howland* v. *Edmonds* (24 N. Y., 307), the doctrine was reiterated by this court that a note, payable by its terms upon demand, might be prosecuted immediately, no previous demand being necessary. True, it is said, as in some other cases, the suit itself being a sufficient demand. This is only saying that the note is due without any demand; for no rule is better settled than that a debt must be due at

the time of the commencement of the action, or the plaintiff will be nonsuited. It is likewise held in this case that the statute of limitations commences running upon such a note at its date, and it is entirely clear that the statute does not commence running until it is due. Something is said in some of the cases about a presumption of a demand having been made, arising from the lapse of time or of a proper period for the computation of interest, but no period is intimated, and any rule founded upon such presumption would be too vague for application to business transactions. Such rule should be definite and certain when possible.

To attain this result as to the admissibility of a defence of the maker against the payee or other holder against a transferee, it must be held either that the note is matured after the lapse of sufficient time to enable the holder to make a demand by the exercise of due diligence, and the defence therefore admissible, or that when payable with interest, not mature until a demand has in fact been made. Either rule will be found certain in its application. But for some authorities to the contrary, I would prefer a rule holding in accordance with the analogies arising from the commencement of the running of the statute of limitations, and of the right immediately to commence a suit, that the note was due when given, and the defence admissible without regard to the time of the transfer by the payee. In the present case the result is the same whether the first or third specified is the correct rule. The order of the General Term can be sustained only upon the second. I am aware that either the first or third will practically destroy the negotiability of this class of paper; but such has been the practical effect of all the cases in this State except for a very brief period, except *Merritt* v. *Todd*, and this case is only applicable to questions of laches in charging indorsers. The other questions presented by the respondent's counsel in his brief, were not raised or passed upon at the trial; they cannot, therefore, be considered here. My conclusion is that upon both principle and authority the defence was admissible against the plaintiff. The order of

the General Term granting a new trial should, therefore, be reversed, and judgment given for the defendant on the verdict with costs of the appeal to this court.

For reversal of the General Term, and judgment for the defendant—EARL, Ch. J., GROVER, HUNT, FOSTER and SMITH, JJ.

For affirmance—LOTT and SUTHERLAND, JJ.

INGALLS, J., did not vote.

Order of General Term reversed and judgment for defendant.