Alexander *v.* Parsons.

---

SAMUEL ALEXANDER, Appellant, *v.* GILBERT L. PARSONS, impleaded, &c., Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, NOVEMBER, 1870.)

To charge the indorser of a promissory note, payable without interest "one day after sight," presentment to the maker and demand of payment must be made within a reasonable time after indorsement.

*Merrit* v. *Todd* (23 N. Y., 28) distinguished.

The question of diligence in making presentment, &c., where there is no conflict of evidence, is a question of law.

The maker and indorser of the note in suit resided in the same city, and the payee three miles away. Several days after indorsement the payee was called out of the State as a witness and detained three weeks. The presentment, &c., was seventy-three days after date of the indorsement.— *Held*, that the indorser was discharged.

THIS was an appeal from a judgment entered on the decision of Mr. Justice MORGAN at Special Term.

The action was on a promissory note running as follows, viz. :.

"$400.                    OSWEGO, N. Y., *April* 20, 1868.

"One day after sight I promise to pay to the order of G. L. Parsons four hundred dollars. Payable at my office. Value received.

"(Signed)                    CHARLES E. YOUNG."

Indorsed G. L. Parsons.

It appeared that the indorsement was made upon the day of the date of the note, and that it was not presented to the maker until July 2d, 1868, when payment was refused; that the maker and indorser resided in Oswego, and the plaintiff about three and a half miles from that city; that the plaintiff, who received and always continued to hold the note, some three or four days after its date, went as a witness into New Hampshire and was absent there three weeks, no other excuse for delay in presentment was shown. Notice of dishonor was mailed to the indorser on the day of demand.

The court held as a matter of law that the demand was not made in time, and that the plaintiff's delay in presenting it was unreasonable, and discharged the defendant as indorser, and ordered judgment for the defendant.

*E. J. Richardson*, for the appellant.

*A. Perry*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.  The note in the case at bar does not fall within the principle laid down in the case of *Merritt* v. *Todd* (23 N. Y., 28). There the note was payable on demand, with interest; and the court held that, it being upon interest, the inference was conclusive, as against the indorser, that some term of credit was intended, during which the investment should be productive. Here the note is payable one day after sight, but without interest. Being payable

one day after sight, the days of grace attached to the obligation, and, of course, the liability of the indorser could not have become fixed until after the lapse of five days from the date of the note. But the question arises, whether this note was a continuing security, so that the indorser could be charged by presentment to the maker and notice of non-payment at any time within six years; and, if not, whether the holder has exercised proper diligence as respects the rights of the indorser by delaying presentation to the maker for payment for seventy-three days after the date of the note.

Story, in his work on promissory notes, speaking of notes payable at sight, or at a specified time after sight, says: "The holder of such a note is not at liberty to keep it in his possession for an unreasonable time without presentment, and lock it up from circulation. If he does, he will make the note his own, and will discharge the antecedent indorsers thereon from all responsibility." He further says: "The same rule, by analogy, applies to the presentment of notes payable at and after sight which applies to bills of exchange, whether foreign or domestic." And he cites the rule laid down by Pothier in regard to the presentment of bills of exchange, and the reason, that "it would not be equitable that the holder should, by too long delay, throw the risk of the solvency of the drawee upon the drawer." (Story on Promissory Notes, §§ 207–209.)

There is no doubt about the rule in regard to the presentment for payment in the case of bills of exchange. Presentment must be made within a reasonable time. Parsons, in his work on notes and bills, speaking of notes payable on demand, says: "The rule on this point would seem to be the same as that with reference to bills payable after sight," and he adds: "This is, that presentment must be made within a reasonable time after the indorsement, in the case of bills, and after making, in the case of notes." (1 Parsons on Notes and Bills, 376, 377.)

No reason is perceived for any substantial distinction, as regards an indorser, between a note payable on demand and

one payable at sight or after sight. In regard to notes payable on demand, the rule seems to be well settled, that demand of payment of the maker must be made within a reasonable time, or the indorser will not be held. The note will be regarded as overdue and dishonored before demand, unless demand is made in a reasonable time; and the indorser will not be charged upon such demand, and notice of non-payment. This is the general rule in regard to such notes; and the only exception to it that I am aware of is where the note is upon interest, as in the case of *Merritt* v. *Todd*. In that case, no demand of payment by the holder was made until after the lapse of nearly four years; and it was held, that the indorser was not discharged on the ground of laches on the part of the holder in demanding payment. (See, also, *Wethey* v. *Andrews*, 3 Hill, 582.) But, in a subsequent case, that of *Herrick* v. *Woolverton* (41 N. Y., 581), the note in suit was also payable on demand, with interest, and the first holder held it three months only, without demanding payment of the maker, and then transferred it to the plaintiff, who took it without notice of any defence to it, and for a valuable consideration; and the same court held that the note was then overdue and dishonored, and that the plaintiff took it subject to the defence which the maker had to it against the first holder before transfer. The court, in the last case, did not overrule the decision in *Merritt* v. *Todd*, but distinguish the latter case from the former, and seem to hold that both may well stand as good law. The result of these two decisions is, that the holder is bound to use more diligence in respect to the maker and principal than he is in respect to a mere accommodation indorser and surety. This seems to be novel doctrine. But, however this may be, the note in the case at bar does not bear interest, and, therefore, does not fall within the principle of the decision in *Merritt* v. *Todd*; and, in the case of *Herrick* v. *Woolverton*, the rights of the indorser were not in question. The case stands, therefore, upon the general rules which govern as to accommodation indorsers of notes payable upon demand or at or after sight.

Alexander *v.* Parsons.

It is claimed, on behalf of the appellant, that the same diligence should not be required of the holder of a note payable on demand, or at sight, in making a demand of payment, in order to charge the indorser, as is required of the indorser or holder of a bill payable in the same way, in order to charge the drawer; because, in the latter case, the drawer is presumed to have funds in the hands of the drawee. It is true that that reason does not exist, in the case of a promissory note, in favor of the indorser. But the other reason, given by Pothier, that the holder should not be allowed, by delay in demanding payment, to cast the risk of the continued solvency of the maker upon the indorser, does exist, and is equally cogent and conclusive, in favor of holding the rule strictly as against the holder and in favor of the indorser of such a note. I think all the authorities will be found to agree that, in order to charge the indorser of a note payable on demand, if without interest, payment must be demanded of the maker before the time has arrived at which the note will be regarded as overdue and dishonored. The decision in *Herrick* v. *Woolverton* is certainly in this direction, although upon a different question. I conclude, therefore, that the note in question was not a continuing obligation, as against the defendant, who was the indorser, for an indefinite period within the statute of limitations, and at the will of the holder, but, on the contrary, was an obligation upon which the liability of the indorser was dependent upon the reasonable diligence of the holder in demanding payment of the maker, and would be discharged by laches in making such demand.

The question then arises, whether reasonable and proper diligence was used in making demand of payment in the present case. The referee held, that reasonable and proper diligence was not used. This is, I apprehend, a question of law upon all the facts and circumstances of the case, especially where there is no conflict of evidence in regard to the facts, as is the case here. It appears from the evidence that the maker of the note resided and had his place of business in the city of Oswego. The plaintiff lived between three and

four miles from the maker's place of business. The only reason shown by the plaintiff why the note was not sooner presented for payment was, that in about a week after the note was made he was called away as a witness to the State of New Hampshire, where he remained between three and four weeks. This does not seem to afford any good reason for the delay. The maker is not shown to have been absent at all, and no reason is given why it was not presented before the plaintiff went away, or immediately after his return; and, for aught that appears, it might have been presented at any time during the plaintiff's absence. It was, in no respect, essential that it should have been presented by the plaintiff in person. In short, no diligence was used in the presentation of the note for payment. I think, as matter of law, upon these facts, the delay was unreasonable, and that the note must be regarded as having been overdue and dishonored when demand was made and notice of non-payment given. The defendant, as indorser, was therefore discharged from his liability, and judgment was properly given in his favor.

Judgment affirmed.