THE BOWERY NATIONAL BANK, APPELLANT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENTS.

*Injunction restraining city from confirming an assessment — no defense against contractor entitled to his pay on the confirmation, unless diligence is shown to remove it.*

Where a contract with the City of New York for paving a street provided that the city would pay in cash, on the confirmation of the assessment to be laid for said work, the whole of the money accruing to the other party under the agreement ; and no assessment had ever been laid for the work, the city and the board of assessors having been enjoined by the court in an action by the property owners from confirming the assessment :

*Held,* in an action to recover the balance due on the contract, that when the defendants were stopped by process from obtaining the funds, all they could demand was a reasonable time to remove the impediment, and the failure to do any thing to remove the injunction rendered them liable for the plaintiff's claim.

That it was error for the judge to leave it to the jury to find the fact, whether or not the assessment had not been confirmed because of any collusion, fraud, negligence or other improper act on the part of the defendants, for the facts being undisputed, the question of reasonable diligence was one for the court, and especially where its subject-matter, namely, a law-suit, was one of which the court could take judicial cognizance ; and the plaintiff was entitled to its request that the jury be instructed to render a verdict in its favor.

APPEAL by the plaintiff from a judgment in favor of the defendants, entered upon the verdict of a jury.

*George W. Wingate,* for the appellant.

*A. J. Requier,* for the respondents.

BRADY, J. :

This is the third trial of this action. On the first trial the plaintiff had judgment which was reversed by the General Term.

A new trial was then had, at which the complaint was dismissed, and the judgment thereupon was affirmed by the General Term. Their decision thereto was reversed by the Court of Appeals, and a third trial was had in which the defendant obtained a verdict, from which this appeal is taken. On the second trial it appeared that the defendants contracted with the Hamar Wood Preserved Pavement Company, of which the plaintiffs are the assignees, to regulate and pave One Hundred and Twenty-eighth street, from Second to Sixth avenue, for $65,588.40, of which they have paid $46,102.28, leaving due $19,758.12 with interest ; that the usual certificate that there was no fraud in the contract was given by the commissioners under chapter 580, Laws of 1872, which was rendered necessary by reason of some irregularities in the formation of the contract. That by the contract it was stipulated, that the contractor should not be entitled to payment until the completion of the work was certified by the inspectors, the clause relating thereto being as follows : "And by the water purveyor or other officer designated by the said commissioner of public works, whereupon the parties of the first part will pay, and hereby bind themselves and their successors to pay to the said party of the second part in cash, on the confirmation of the assessment to be laid for said work, the whole of the moneys accruing to him under this agreement."

That the work was duly performed, and its completion certified by the inspector, December 13, 1870. That the water purveyor caused the work to be entered on his books as completed, December 10, 1870. It also appeared that on January 19, 1871, a preliminary injunction was obtained by property owners, returnable January 25, 1871, restraining the defendants "from laying or confirming any assessment for paving said street, and from doing any act or thing toward making or confirming said assessment, or making the same a lien."

That a demand was subsequently made upon the water purveyor for the certificate, who refused, stating " that he was prevented from giving it by this injunction obtained by the property owners."

That the assessment for this work was advertised and forwarded to the boards of revision and correction, September 11, 1871, and the matter was referred by them to the Comptroller to assess the

expenses upon the property benefited, as required by chapter 580, Laws of 1872, section 5.

In addition to these facts the plaintiff proved on this trial as follows: That the papers in the injunction suit were served January 24, 1871, and were returnable January twenty-fifth. That the preliminary motion was argued March 20, 1871, but there was no record in the corporation counsel's office of its having been decided.

That nothing further was done by defendants until October 24, 1872, when the contract having become valid by the action of the contract commissioners, an order was obtained to show cause, on October 28, 1872, why a supplemental answer should not be served in that case, setting up the certificate aforesaid given under the act of 1872 (*supra*), and the injunction be modified so as to allow the laying of the assessment. That this motion was not regularly argued, but permission was granted " to do what was moved. for," and such a supplemental answer was served November 23, 1872. That prior to this the injunction suit had been placed in the hands of special counsel, but nothing further was ever done to vacate the injunction or dispose of the issues, it never having been noticed for trial or placed upon the calendar, up to March 15, 1876.

That the case belonged upon the equity calendar of the Common Pleas, which was made up monthly and disposed of every term. That the corporation counsel, his two assistants and managing clerk knew nothing further about the injunction suit. That on September 24, 1875, the corporation counsel was notified that as the injunction was used as a defense to the plaintiff's claim herein, they insisted it should be disposed of at once, and that he still took no action in regard to it.

It also appeared that Mr. Strahan, the special counsel of the defendants in this case, refused to give his reasons why the case was not tried, because the defendant objected, and his refusal was sustained by the court.

Plaintiff also proved that it was customary among lawyers to notice a case, and place it upon the calendar as soon as the answer was served. And that if not noticed, or put upon the calendar by the plaintiff, it could be dismissed for want of prosecution. The defendants offered no evidence except to prove that the pavement did not last, which was excluded.

It also appears that the court refused to direct a verdict for the plaintiff to which an exception was taken, and left the matter to the jury to be decided as to whether or not these defendants had, prior to the commencement of this action, failed to defend the action in the Common Pleas with sufficient vigor, or had been restrained by an injunction which they could not prevent. This action was commenced March 17, 1873. The action of Tooker, in which the preliminary injunction was obtained, was commenced January 24, 1871, more than two years before this action was brought. February twenty-third, the answer was served. March eighteenth, the action was noticed for trial by the plaintiff. March twentieth, the motion for the injunction was argued. On the 24th October, 1872, the order was obtained by the defendants to show cause why the assessment should not be laid, and a supplemental answer served. November twenty-third, the supplemental answer was served, but nothing further was done. The disposition made of this last order does not precisely appear, but it was admitted by Mr. Strahan, the defendants' counsel, that the defendants obtained what they moved for. This must mean that the motion was in all respects successful. If it were not, then the defendants did not obtain all they moved for. This motion it must also be said was predicated of the validity of the plaintiff's claim, the payment of which was only deferred on account of the assessment not having been finished, and the funds not being in hands, therefore, to pay it. It was shown, as appears from the facts narrated, that it was within the province of the defendants to have ended the action commenced against them by Tooker, by the exercise of ordinary diligence, because it was equitable in character and such cases were disposed of each month in the court in which it was commenced.

The defendants had November, December, January, February and until the 17th of March, 1873, to remove the injunction, if it had not already been modified or dissolved, or to initiate some proceeding thereto. The view thus stated as to diligence, is independent of the effect of the motion of October twenty-fourth (*supra*), to obtain such modification of the injunction as to allow the assessment to be laid, and which seems to have been granted.

The delay of the defendants, thus shown, not only prevented the assessment but it prevented the plaintiffs from obtaining the certifi-

cate of the water purveyor, who refused to give it, only because he was restrained by injunction, not for any other reason for aught that appears in this case. This action was tried for the third time on the 15th of March, 1876, and it must be borne in mind that the action of Tooker was then in *statu quo*, nothing further having been done in it. It must also be borne in mind that the plaintiffs were not a party to it, and could not control it in any way. It should not be forgotten either, that the defendants knew of the plaintiffs' demand, because it was mentioned in the papers prepared on the 17th of September, 1872, and used on the 24th of October, 1872, and acknowledged to be a valid claim against them.

When the appeal in this case in the Court of Appeals was decided, it was substantially held, in reference to the certificate of the water purveyor, that the plaintiffs had done all they were required to do, and that the refusal to give it under the circumstances was unreasonable. The question involved on this appeal is, whether the laches of the defendants, in regard to the Tooker suit, does not deprive them of the defense, that the assessment had not been laid which was contemplated by the agreement between the plaintiffs' assignor and them.

The learned justice presiding on the trial presented it as a question of fact to the jury on this trial, stating to them, that if, in fact, the injunction remained in full force at the time of the commencement of this action, notwithstanding the exercise of proper diligence and effort on their part to obtain its removal, they were not liable. The learned justice also suggested that the question arose as to why the assessment had not been confirmed, whether it was because of any collusion, fraud, negligence or other improper act on the part of the corporation.

The testimony on this subject, however, was all one way. There was no conflict, no doubt, and the finding of the jury that reasonable diligence characterized the defendants' management of the Tooker suit was unwarranted by the evidence. But it must be said further, that the question of reasonable diligence is one for the court and not for the jury where the facts are undisputed, and especially where its subject-matter, namely, a law-suit, is one of which the court can take judicial cognizance. (*Alexander* v. *Parsons*, 3 Lans., 333, 337; *Wakeman* v. *Gowdy*, 10 Bos., 208, 213;

*Bascomb* v. *Buffalo and State L. R.*, 27 Barb., 221; *Craig* v. *Parkis*, 40 N. Y., 181; *Moakley* v. *Riggs*, 19 Johns., 72.) Where no time of performance is specified in a contract, the act to be done must be performed within a reasonable time; and what is a reasonable time is a question of law. (Parsons on Contracts, 2 vol., 173, and cases cited; Chitty on Contracts, 625, and cases cited.) When the defendants were stopped by process from obtaining the funds, all they could demand was a reasonable time to remove the impediment. Their duty in that respect was extended only for such a period. The work having been done for the city, and properly done, and the amount charged for it having been earned, it was incumbent upon the city, in good faith to the laborer, that the impediment to its payment should be removed at an early day. It rested entirely with them. Several months elapsed after the contract was legalized before the action was commenced, and the inactivity principle was continued down to the time of this trial. The failure to do any thing since October, 1872, legitimately bears upon the question of want of diligence. It shows that the Tooker suit was either lost to view or left as a barrier to the claim herein urged. This may have arisen from mere oversight, but it matters not what was the cause; the fact is, that the case of Tooker was not conducted with reasonable diligence. The plaintiffs were, therefore, entitled to the request that the jury be instructed to render a verdict in their favor, which was refused, and the judgment herein should therefore be reversed.

There are no questions presented on behalf of the defendants which affect this view, and it must be adopted.

Ordered accordingly, with costs to abide event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, costs to abide event.