PETER O. EISENLORD, APPELLANT, v. MAGGIE DIL-LENBACK, ADMINISTRATRIX, AND JOHN W. FLANDERS, ADMINISTRATOR OF SIMEON DILLENBACK, DECEASED, IMPLEADED WITH C. K. AND J. H. LOUCKS, RESPONDENTS.

*Promissory note — transfer of, by payee after maturity — what a reasonable time within which to make demand of payment.*

On April 19th, 1873, the defendants Loucks made their promissory note for $600, with interest, to the order of one D., payable one day after date. December 17th, 1874, D. sold and indorsed the said note to plaintiff; on January 5th, 1877, plaintiff demanded payment of the note from the makers, and gave due notice of its presentment and non-payment to D.

In an action upon the note, brought against the makers, and the respresentatives of D., *held,* that the indorser was discharged from all liability thereon by the failure of the plaintiff to demand payment of the note within a reasonable time.

APPEAL from a judgment, dismissing the complaint as to the administrator of Simeon Dillenback, deceased, entered upon the trial of this action by the court, without a jury.

On the 19th day of April, 1873, Conrad K. and John H. Loucks made and delivered their promissory note in writing to Simeon Dillenback, by which, for value received, they promised to pay said Dillenback, or bearer, $600 with interest, *one day after the date thereof.* On March 23d, 1874, $42 interest on the note was paid by the makers. On the 17th day of December, 1874, Dillenback transferred the note to the plaintiff, and indorsed the same.

The plaintiff presented the note to the makers for payment on the 5th day of January, 1877; and on the same day gave notice of presentment and non-payment to Dillenback.

This action was commenced January 20th, 1877, against the makers and indorser. The makers did not defend. The indorser, Dillenback, among other defenses in his answer, set up that the plaintiff failed and neglected to present said note and demand payment thereof from the makers, and to give notice of non-payment to the defendants within a reasonable time.

On or about March 1st, 1877, Dillenback died, and thereafter Maggie Dillenback and John W. Flanders were duly appointed administratrix and administrator of the estate of said Dillenback, deceased, and thereafter substituted as defendants in this action.

*Cook & Barnes,* for the appellant. A note endorsed and delivered when over-due, is to be treated as between indorser and indorsee, as a note on demand, dated at the time of transfer, so far as relates to demand and notice. (*Goodwin* v. *Davinport,* 47 Maine, 112; *Van Hoesen* v. *Van Alstyne,* 3 Wend., 79; *Weeks* v. *Prior,* 27 Barb., 79; S. C., 1 Sand., 199.) A promissory note, payable on demand with interest, is a continuing security; and an indorser remains liable until an actual demand; and the holder is not chargeable with neglect for omitting to make such demand within a particular time. (*Merritt* v. *Todd,* 23 N. Y., 28; *Herrick* v. *Woolverton,* 41 id., 581, 599, 600; *Pardee* v. *Fish,* 60 id., 265; *Alexander* v. *Parsons,* 3 Lans., 334.)

*H. Dunckel,* for the respondents. The note in this case being *over-due* when Dillenback indorsed and transferred it to the plaintiff, the plaintiff was bound to present said note and demand pay-

ment thereof from the makers, and to give notice of non-payment of the same to the indorser *within a reasonable time*, in order to charge the indorser. (Edwards on Bills, etc., pp. 258, 261; 1 Pars. on Notes and Bills, 382; *Van Hoesen* v. *Van Alstyne*, 3 Wend., 75; *Leavitt* v. *Putnam*, 1 Sand., 199; Id., 3 Comst., 494; *Tyler* v. *Young*, 30 Penn. St., 143; *Alexander* v. *Parsons*, 3 Lans., 333; *Sandborn* v. *Southard*, 25 Me., 409; *Benton* v. *Gibson*, 1 Hill [S. C.], 56; *Pryor* v. *Bowman*, 38 Iowa, 92.)

*Per Curiam:*

The endorsement imposed upon the transferee the duty of demanding payment of the makers within a reasonable time after the transfer to him; and, in case of non-payment, giving notice to the endorser. The demand was not made in this case until more than two years after the transfer; hence the indorser was released. (*Leavitt* v. *Putnam*, 1 Sand., 199; S. C., 3 Comst., 494; *Tyler* v. *Young*, 30 Penn. St., 143; 1 Pars. on Notes, 382; *Van Hoesen* v. *Van Alstyne*, 3 Wend., 75; *Alexander* v. *Parsons*, 3 Lans., 333; *Sanborn* v. *Southard*, 25 Me., 409.)

*Merritt* v. *Todd* (23 N. Y., 28) is not in point. That was not a transfer of over-due paper. The indorsement was there made for the accommodation of the maker. The note had no valid inception until after it was indorsed. The note was payable on demand, with interest. The court held this to be a continuing security, and hence a demand was not necessary within a limited time. So of *Pardee* v. *Fish* (60 N. Y., 265), which was an action on a certificate of deposit drawing interest, which the court held to be the same as a note payable on demand, with interest. Both these papers being, and having been intended to be, continuing securities, no duty of presentment to makers for payment was imposed upon the indorsee in order to hold the indorser. Demand might be made at any time.

In the case under consideration, the law implies a different contract. The paper was over-due. It was not a demand note. It was not a continuing security. Hence the law implies a contract by the indorsee, that he will proceed with reasonable diligence to demand payment, and give notice if not paid. Failing in this, the indorser is discharged.

We think the decision of the court below right, and that the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.