Thompson *against* Ketcham.

THIS was an action of *assumpsit*. The declaration contained a count on a promissory note, in the following words : " I promise to Capt. *Samuel Thompson*, 80 dollars, for value received. *Montego Bay*, *April* 21, 1807. *Thomas Ketcham ;*" and also the money counts. Plea, *non assumpsit*, with notice, pursuant to the statute, that infancy would be given in evidence under the general issue. The cause was tried at the *Ulster* circuit, in *September*, 1808, before Mr. Justice *Van Ness*.

It was proved, at the trial, that the defendant was under 21 years of age, when he executed the note. The defendant acknowledged to one of the witnesses of the plaintiff, that the plaintiff lent him the 80 dollars at *Montego Bay*, in the island of *Jamaica*, to pay his bills on shore, and that he did not know what he should have done without the money. The money which the defendant borrowed of the plaintiff, was, by agreement, to be paid in *New-York*, on their arrival, and it appeared that both the plaintiff and defendant arrived in *New-York* at the same time.

It appeared, that the defendant was the agent of the owner of a vessel on a voyage from *New-York* to *Jamaica*, and that most of the money he borrowed of the plaintiff was laid out in purchasing necessary articles for the ship.

The judge charged the jury, that as the money was not lent to purchase necessaries for the infant, the contract, if made here, could not be enforced, and that the defendant would be entitled to a verdict ; but as the contract was made in *Jamaica*, it must be governed by the laws of that island ; and as there was no proof that the laws of *Jamaica* protect infants against such contracts, the plaintiff was entitled to recover. The jury, accordingly, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

Where a note was made in *Jamaica*, payable in *New-York*, it was held that the contract was to be governed by the laws of *New-York*. Where no place is mentioned in a note at which the money is to be paid, *it seems*, that parol evidence is admissible to show at what place it was agreed that the money should be paid.

NEW-YORK,
May, 1809.

Thompson
v.
Ketcham.

*King v. Lainden. 8 Term Rep. 379. Peake's L. of Ev.123.(3d Ed.)

† Trustees of Randall v. Rensellaer, 1 Johns. Rep. 94. Robinson v. Bland, 2 Burr. 1077. Champant v. Ranelagh, Prec. in Ch. 128. 207. Connor v. Bellamont, 2 Atkins, 382.

‡ Nash v. Tupper, 1 Caines, 402. Ruggles v. Keeler, 3 Johns. Rep. 263. § 1 P. Wms. 431.

*Hawkins*, for the defendant. Though the note was made at *Jamaica*, it was payable in *New-York;* and though no time or place for the payment is mentioned in the note, yet it was competent for the plaintiff to show, by parol proof, where it was to be paid.* The evidence offered was positive that the note was to be paid here, and not in *Jamaica.* Then as the note was payable here, it must be governed by the laws of this state.†

Again, the defence of infancy goes to the mode of enforcing the contract. A statute of limitations, in a foreign country, where the contract is made, has been held to be no bar in a suit brought on the contract here.‡

It was incumbent on the plaintiff to show, that infancy was not a good defence by the law of *Jamaica.* Where a party intends to avail himself of the laws of a foreign country, he must prove them as facts.§ That the common law of *England* prevails in *Jamaica,* might be proved as a historical fact.

¶1 W. Black. 234.

✱ Fonbl. 242.

*Sudam,* contra. In the case of *Robinson* v. *Bland,* the note was made payable in *England,* and so could not be enforced in *France.* The reporter¶ observes, that foreign laws are to be regarded in *England* as varying from the general common law, and not when they contradict a statute. The *lex loci contractus* always prevails, unless there is a reference, in the contract itself, to the laws of another country.** In *Nash* v. *Tupper,* the court recognises the distinction between a bar at common law, and a statute bar. The latter goes only to the mode of recovery, and not to the essence of the contract. *Infancy* is a disability, and goes to the essence of the contract itself, and not to the form or mode of enforcing it.

Another question is how, and by whom, the laws of *Jamaica* are to be proved. It seems to be now well settled in this court, as well as in *England,* that the common law of a foreign country may be proved by *parol,* but not the statute law.†† Courts in *England* do not judicially take notice of the laws of other countries, but they must be proved

†† Kennedy v. Clarkson, 1 Johns. Rep. 385. Smith v. Elder, 3 Johns. Rep. 105. Peake's Ev. 72. 75. and note. (3d Ed.) 2 Cranch's Rep. 187.

like other facts. In the case of *Male v. Roberts*,\* where infancy was pleaded to an action on a contract made in *Scotland*, Lord *Kenyon* said, that the contract was to be governed by the law of *Scotland*, but that the defendant was bound to prove what the law of *Scotland* was in that respect; that he would not take it to be a fact, that infancy was a defence in *Scotland*, unless it was made out by evidence.

\* 3 *Esp. Cases*, 168. *Comyn on Cont.* 161. 2 *East*, 260.

The personal rights, secured by *magna charta*, may be claimed by *Englishmen* in the colonies; but the municipal laws of *England* do not extend to *Jamaica*, nor is it governed by the statutes of *England*, unless specially named.† This is not, then, to be proved as a historical fact.

† 4 *Mod.* 222. 7 *Co.* 1. *Calvin's Case.* 2 *P. Wms.* 75. 1 *Black. Com.* 107. 108.

If, instead of the general issue and notice under the statute, the defendant had pleaded infancy; the plaintiff would have replied, that the contract was made in *Jamaica*, and in reference to the laws of that island. The defendant would have rejoined a defence under the laws of that island, or that the contract was not made in reference to the laws of *Jamaica*. It would, therefore, be incumbent on the defendant to prove the laws of *Jamaica*.

*Ruggles*, in reply, observed, that the time when the note was payable, was an inference of law, and that this might be rebutted by parol testimony, and if parol testimony was admissible, then it was clear that the money was to be paid in *New-York*.

Infancy does not go to the essence of the contract. Where a contract is voidable, it must be avoided by the act of the party. The contract continues lawful, and can only be invalidated by the party himself. In like manner, the statute of limitations must be pleaded, otherwise the plaintiff will recover on the contract. The defendant must be considered as having pleaded infancy, and the replication must have been, that the defendant was not an infant, or that he had promised to pay since he had come of age. By the declaration, the promise is laid in *New-York*.

NEW-YORK,
May, 1809.

Thompson
v.
Ketcham.

THOMPSON, J. delivered the opinion of the court. The note or instrument given by the defendant, and upon which this suit is brought, is as follows : " I promise to captain *Samuel Thompson* 80 dollars, for value received. *Montego Bay*, *April* 21, 1807." The defendant interposed a plea of infancy, and upon the trial proved, that when the note was executed, he was under 21 years of age. The judge at the trial ruled, that to make this plea available, the defendant must also prove, that by the laws of *Jamaica*, where the note was given, infancy would have been a bar to the action. From the testimony in the case, it appears, that the note was to be paid in *New-York* on the arrival of the parties here. No objection was made to such evidence, and it might, on the present motion, be assumed, as a fact admitted, without inquiring into the legality of such proof. But I see no objection to such testimony. Nothing appears upon the face of the note, showing it to be payable at any particular place. The evidence was not contradictory to the written contract. The loose and informal manner in which the note is drawn, shows the written contract, in some measure, imperfect, and all the circumstances in the case corroborate the plaintiff's confession, and afford conclusive evidence, that the money, for which the note was given, was lent with a view to its being repaid on the arrival of the parties in *New-York*. If this, then, is to be taken as the contract between the parties, the case stands precisely on the same footing as if the note had been made in this state. For it is a well settled rule, that where a contract is made in reference to another country, in which it is to be executed, it must be governed by the laws of the place where it is to have its effect. (2 *Burr.* 1078. 2 *Johns. Rep.* 94.) In this view of the case, it is immaterial what were the laws of *Jamaica* on the subject ; we must be governed by our own laws, according to which, the defendant's proof was sufficient to bar a recovery against him.

We are accordingly of opinion, that the verdict must be set aside, and a new trial awarded, with leave to abide the event of the suit.

New trial granted.