Overton J.
 

 (sitting alone) delivered the following opinion.
 

 This was an appeal in the nature of a writ of error, from the circuit court of Hawkins,
 

 An Action of covenant had been commenced by Alexander Moore against Tipton, Abraham, Lawrence, and Philip Snapp. Philip died, his death was suggested, and the defendant proceeded to judgment against the other plaintiffs. The declaration makes profert of an instrument under seal wherein it is stated, that Jacob Snapp was indebted to Moore, upon which it was covenanted and agreed by the plaintiffs in error, John Tipton, Abraham Snapp, Lawrence Snapp and Philip Snapp (besides other cove
 
 *237
 
 nants,) that Jacob Snapp should come to a settlement with the defendant in error within twelve months ; and that he should pay what should appear to be due on such settlement; with an averment that before the making of the covenant, Jocob Snapp had gone out of the limits of this state, and that the plaintiffs fraudulently combined together for the purpose of keeping said Snapp out of the way in Virginia, whereby the defendant was fraudulently prevented from coming to a settlement.
 

 To which the defendants below pleaded covenants performed,
 
 non intregit conventionem,
 
 and that they did not fraudulently continue &c. replication, and issues.
 

 On the trial of these issues, Jacob Snapp’s as well as Philip Snapp’s acknowledgments or admissions, were offered in evidence. Exceptions were taken, and overruled. The jury found a verdict for the defendant in error, upon which a motion was made in arrest of judgment, which was also overruled, and judgment given for Moore
 

 The plaintiffs in error, have taken three positions—
 

 First, the admissions of niether Jacob Snapp nor Philip Snapp ought to have been admitted.
 

 Secondly, testimony showing that Jacob Snapp was kept away in Virginia fraudulently by the plaintiffs in error, ought not to have been admitted, whereby it is alledged, that parol proof was allowed to vary or add to a written contract.
 

 Third, if the court was right in its opinion in these two instances, it ought to have arrested the judgment on the ground that the declaration contained no averment of endeavors to bring Jacob Snapp to a settlement.
 

 For the purpose of showing that the testimony was improperly admitted, the plaintiffs have read 6 T.
 
 R.
 
 610. 1 T. R. 645. Am. Ed. Peake’s Ev. 112. 2 Henning and Mumford 64. Peakes Ev. 10, 3 Wils. 275. 1 Pow. Cont. 431. Sugd. and Newl. on parol proof Bac. Ab. tit. tender. C. and with the view of proving that the court erred in not arresting the judgment. 2 Tidd, 821. 3d Dal. 415, 4 Dall. 410.
 
 2
 
 Hen. and Mumford 55.
 

 Out of the second position, a distinct proposition has arisen in the course of the argument, to wit: that the settlement was a condition precedent, the performance of which, ought to have been averred and proved. In argument, on the part of the defendant, the following grounds
 
 *238
 
 have been taken. First, the bill of exception does not actually state what was given in evidence. The record states, what was offered in evidence, and therfore cannot be noticed by the court.
 

 Second, the exceptions are opposed to what is admitted by the plaintiffs in their pleadings, and therefore cannot be considered by the court.
 

 Third, supposing the evidence was admitted, the court was correct in its admission. Fourth, a motion in arrest of judgment waives all previous exceptions to evidence. Fifth, but admitting that it did not, the court did not err in overruling the motion.
 

 In support of these propositions, the counsel for the defendant have relied on Gilb. Ev. 179. 4 Dall. 132. 4 Johns. 285. P. Evi. 118. Ten. Rep. 189. 4 Bac. Abrid. introduction to title pleadings, Chitty on pleading 318. 461. 518. 524. 525. 526. 527. 528. Selw. N. P. 528. 544. 545. Tidds Pr. 821. 1109. 2 Bac. Ab. tit. error B. 2 Hen. and Mum. 55. Selw. P. 465, 533, 534. P. Ev.
 
 17
 
 2 Gd. Ed. Esp. N. P. 530. Cowper 281, 3 Black. Com. 394. 3 Peer. Wms. 317, 1 T. R. 645.
 

 In examining the case before the court, it will be necessary to consider the effect of the contract respecting the settlement with Jacob Snapp. In the usual phraseology of lawyers, it was a condition precedent to a right to recover, but in all such cases, if the performance of such condition be prevented by the fraud or mal practices of the other party, the condition is dispensed with, upon an appropriate averment being made in the declaration, as a substitute for such performance 1 T. R. 645. In this respect, the declaration is certainly sufficient, particularly after verdict. It has averred as a substitute for the performance of the condition, to wit: making the settlement, that the defendant was prevented from doing it by the fraud of the plaintiffs. Upon this point, issue was taken and tried.
 

 The court agrees with the defendant’s counsel in their first position, that the record should show the evidence was given, and not that it was merely offered. Such are the precedents, particularly in Buller’s Nisi Prius, which is recollected. The record is silent whether the evidence was actually admitted ; we can only suppose it was the case, from inferences, which is an objectionable mode of reasoning, after verdict, for every intendment is to be made in support of a verdict; and it is the business of a party wish
 
 *239
 
 ing to overturn it, to bring his objections plainly before the court by the record.
 

 The second proposition of the defendant, has involved in argument more extensive inquiries into the nature of pleading than was necessary in this case. The proposition is in itself correct ; but the arguments employed in the application of the authorities, are certainly not so. The error lies in this, the argument supposes, that in this action, the
 
 onus probandi
 
 lies on the defendant in all special pleas. In pleadings on the part of the plaintiff, all averments necessary to show that he has a good cause of action, must be made. On the part of the defendant, if he take issue upon a point, which is material, he virtually admits the truth of all the material averments on the part of the plaintiff. It is not necessary to inquire, whether
 
 non infregit
 
 conventionem,
 
 b
 
 e a good plea on demurrer, as the case now before the court is after verdict.
 

 The doctrine of pleading, is founded in good sense, and it is on this presumption, that every man is presumed to deport himself honestly and correctly, until the contrary appears ; and on another rule equally founded in reason.
 

 If a person contracted an obligation, which he admits by his pleading, but says he has discharged it, or some matter in excuse, he must show this discharge or excuse ; if he do not, the obligation remains on him, and he must make satisfaction for not having performed his part.
 

 In this case the material issue is produced by an averment in the defendant’s declaration, that he was always ready and willing to make a settlement, but was prevented by the fraudulent management of the plaintiffs. The plaintiffs, in their plea, deny this, and the defendant takes issue. The law never presumes fraud, and beside, the defendant has the affirmative side of the plea, and both of these principles of acknowledged authority in pleading, throw the
 
 onus
 
 pro
 
 bandi
 
 on the defendant. So that it is not true, as supposed by the defendant’s counsel in this case, that there was no necessity for the plaintiff in the court below, to introduce any proof; wherefore it is insisted that the exceptions are useless, as no proof was necessary, and that Moore is entitled to recover without any, as the burthen of proof lay on the defendants at law and plaintiffs in this court.
 

 As to the third proposition, the court was certainly correct in the admission of the acknowledgments of both the
 
 *240
 
 Snapps. Jacob Snapp by the contract was virtually and necessarily the agent of both parties, and the acknowledgments of agents bied principals in relation to the business committed
 
 t
 
 o their charge. Philip Snapp was a joint obligor, and though not a party to the record, his admissions were good evidence against his co-obligors, who were equally concerned in interest with himself.
 

 The fourth proposition of the defendant’s counsel involves the discussion of a question not hitherto made. As the British authorities have been referred to, it is necessary to recur to them, and see what light will be afforded. In England, bills of exception are superseded by the adoption of a different practice. One of the judges tries a cause at
 
 Nisi
 
 prius, all exceptions to evidence, motions for new trials, or in arrest of judgment, are reported by the judges to the court in bank, where those questions are settled by a full court on the report so made; and if necessary, the cause is sent back to
 
 Nisi prius
 
 for another trial.—Agreeably to the organization of our courts, instead of the exceptions being reported
 
 ore tenus
 
 by the judge of the circuit court to this court, as is done in England, it is made a part of the record, by the exceptions being placed there.—The method is the same in substance. In the one case, the exception is reported verbally, in the other, in writing.—The object is precisely the same in both countries, viz. a new trial. In England, a new trial cannot be moved for after a motion in arrest of judgment.
 
 (6)
 
 The reason is obvious; a motion in arrest of judgment, supposes that there is not sufficient matter in the declaration, to enable the court to give judgment for the plaintiff; and to permit an inquiry whether the evidence were sufficient to maintain the action, would be repugnant to the object of the motion in arrest of judgment; for if the declaration were insufficient, it were useless to examine the evidence
 
 ;
 
 it would only serve to entangle the parties in a labyrinth of difficulties, contrary to that simplicity and certainty, in which the law delights. In England, a party is presumed to move in arrest of judgment, after a motion for a new trial has been overruled; but this is done in bank, and he is not permitted to have recourse to both methods at once. Examine the case as it would stand in the circuit court from the manner it appears on the record. No motion is made there for a new trial, but a motion in arrest of judgment. In pleading, an advanced step, virtually waives exceptions which should be antecedently made. Thus after pleading
 
 *241
 
 in chief, all matter in abatement is waived.
 
 So
 
 in this case, a motion in arrest of judgment, and a motion for a new trial, could not have been entertained at the same time.
 

 A motion in arrest of judgment waives a motion for a new trial. As this would have been the case had a new trial been moved for there, it would seem that the same course ought to be adopted in this court. Nor is it perceived that any hardship can arise to the defendant by this course, because if there be not sufficient in the pleadings, to enable the court to give judgment, this can he brought to the notice of the court here
 
 ore tenus ;
 
 it being its
 
 exofficio
 
 duty, if it perceive from the pleadings on the part of the plaintiff, that his case is substantially defective, to render judgment againt him, though he may have a verdict in his favor. This may however be considered, rather as a first impression than as a deliberate opinion, not being necessary to the cause it may still be considered as open for discussion.
 

 The fifth proposition, makes it necessary to recur to the pleadings as well as the third objection of the plaintiff's counsel.
 

 It is not now necessary to determine, whether it were necessary, if on demurrer, that the plaintiff should aver endeavors to make the settlement; it is after verdict, and this circumstance would be intended to have been proved, if such intendment were necessary to support the verdict. But it is strongly impressed, that such an averment was not necessary, it could not be traversed if made. The issue seems to have been taken correctly, whether the plaintiff by a fraudulent combination prevented a settlement from being made. This part of the case leads to a few observations respecting the admission of parol proof to vary a written contract.
 

 The evidence offered, was evidently not with that view. The gist of the issue, was whether Jacob Snapp was fraudulently kept away from making the settlement, and whether he was kept in Virginia or elsewhere, was immaterial. If the defendant was fraudulently prevented from making the settlement, whether the plaintiffs were or were not to bring Snapp from Virginia to make this settlement, agreeably to the evidence admitted, could neither add to, or vary the contract or result. And consequently cannot be said to fall within any of the cases adduced to prove the inadmissibility of parol evidence to varry written contracts.
 

 The judgment must be affirmed.
 

 (6)
 

 Tidd's pr. 821, 1109