## THE PRESIDENT, &C. OF THE BANK OF UTICA *against* DE MOTT.

<div class="margin-note">Where the endorser of a promissory note resides in a different place from that in which it is payable, notice of the nonpayment must be sent to him in the place in which he is actually resident, and if directed to a wrong place, without showing that due diligence was used to ascertain his residence, but without success, he will be discharged.</div>

THIS was an action of assumpsit against the defendant, as
endorser of a promissory note. The cause was tried at the
last *Oneida* circuit.

The note on which the action was founded was drawn by one
*William Low* for 375 dollars, and payable to the defendant or
order, at the *Bank* of *Utica*, one hundred and twenty days after
date, and was dated the 6th *Dec.* 1814. There was no town or
place mentioned in the note where it purported to have been
made. The note not being paid on the day on which it became
payable, it was proved, by a book-keeper in the *Bank* of *Utica*,
that on the evening of the same day he put the usual notice to
an endorser into the post-office at *Utica*, directed to the defend-
ant, at *Canandaiqua*, where, from the best information he could
get, he supposed the defendant resided. The witness also
stated that he inquired of the cashier and some of the directors,
as to the place of residence of the defendant, and that he was in
the habit, in all cases where the place of residence of the en-
dorsers of a note was uncertain, of making inquiries of such
persons as he supposed were best acquainted with their place
of residence; that on this occasion, also, he found in the bank a
cancelled note drawn by the same *Low*, and endorsed by the de-
fendant, which note was dated at *Canandaiqua*, and the body of
it in the hand-writing of a person whom he knew resided at *Can-
andaiqua*, but the note offered in evidence was not in the hand-
writing of the same person. Neither the maker of the note nor
the defendant had ever lived in *Utica*, and it did not appear
that the defendant had ever admitted that he had received notice.

'The defendant proved that he resided at *Ovid*, in the county of *Seneca*, and had lived there for ten years past : the maker of the note also lived at *Ovid*, at the time when it was given.

The jury found a verdict for the plaintiff for the amount of the note, with interest, subject to the opinion of the court on the foregoing facts. The case was submitted to the court without argument.

SPENCER, J., delivered the opinion of the court.

The defendant is sued as endorser of a promissory note, payable at the bank of *Utica*. When the note fell due, notice of its non-payment was given, by a letter put into the post-office at *Utica*, directed to the defendant, at *Canandaiqua*. It was proved that the defendant lived at *Ovid*, in the county of *Seneca*, and had resided there for ten years past. The excuse for the misdirection of the notice is, that the book-keeper who gave it, was informed, by the cashier and some of the directors of the bank, that the defendant resided at *Canandaiqua*.

The notice is bad. The defendant was entitled to information of the non-payment of the note, and that he was looked to for payment. He had a permanent residence, for ten years, in a different county. With ordinary diligence the place of his abode might have been ascertained; and it must be the plaintiff's loss, not the defendant's, that the notice was not given. It is an essential part of the contract, that the endorser shall be notified of the non-payment of the note, that he may take measures accordingly ; and if any loss has happened from the want of notice, it must be borne by the party on whom the burden of giving due notice is thrown by *law*, and who has been guilty of *laches*. The case of *Chapman* v. *Lipscombe & Powel*, (1 *Johns. Rep.* 294.,) was peculiarly circumstanced. There was great diligence used in that case to find out the defendant's residence, and the bill was dated at *Norfolk*, to which place one of the notices was directed. Here the note was not dated at any place, and the inquiry was very limited.

Judgment for the defendant.