HARTFORD BANK v. GREEN, THOMAS & CO.

1. DEMURRER: ADMISSION.  A demurrer admits only those allegations that are well pleaded.

2. SAME: DUE DILIGENCE.  When in an action against the endorser of a promissory note, the plaintiff sets forth in his petition the diligence used against the maker, its sufficiency may be treated as a question of law and determined on demurrer.

3. PLACE OF PRESENTATION.  To bind an indorser, a note must be presented for payment to the maker personally, or at his place of permanent residence or business.  A presentation at the place where it is dated is not sufficient to bind the indorser, when it is not shown that his residence is not within the State or is unknown to the holder.

*Appeal from Des Moines District Court.*

MONDAY, APRIL 15.

THE facts are fully stated in the opinion of the court.

*F. W. Newman* for the appellant.

*E. H. Thomas* for the appellee.

BALDWIN, J.—The plaintiff seeks to recover of Key, Foster, *et al*, as makers, and of Green, Thomas & Co., as indorsers, of a promissory note which reads as follows:

BURLINGTON, Dec. 5th, 1857.

Twelve months after date we promise to pay to the order of Green, Thomas & Co., one thousand dollars currency, value received with ten per cent interest after maturity.

(Signed,)                              CHARLES FOSTER,
                                       A. KEY, and others.

          (Indorsed,)          GREEN, THOMAS & CO.

In order to show such diligence against the makers as to charge the indorsers, the plaintiff in the petition alleges that the defendants by their said undertaking agreed to pay said note at the city of Burlington, at the maturity thereof. It is further averred that when said note became due, "it was duly presented for payment at the Banking House of

Coolbaugh & Brooks, in said city, and notice of non-payment given to the makers thereof by notices deposited in the post-office of said city; that none of the makers thereof could be found in said city to whom said note could be presented for payment; nor had any of said makers any known place of residence in said city, diligent inquiry having been made to ascertain the same." Copies of the note and the protest are annexed to and made a part of the petition.

The note is dated at Burlington, but is not made payable at any particular place. The defendants, Green, Thomas & Co., demurred to this petition, alleging as a cause therefor, a variance between the note described in the petition and the copy annexed thereto. This being sustained the plaintiff appeals.

. It is claimed by the appellants that as the petition charges that the note was made payable at the city of Burlington, the defendants by their demurrer admit the truth of the allegation thus made, and are estopped thereby from saying that the note was not properly presented so as to charge the indorsers.

. A demurrer only admits such facts to be true as are well pleaded. The plaintiffs in order to recover as against the indorsers must show due diligence against the makers. The plaintiff in the petition sets forth the diligence used, and the note being made payable at no particular place it was therefore payable at the residence or place of business of the makers. The diligence used becomes a question of law, and if all the diligence used by the holder is set out in the petition it can be determined upon demurrer as well as otherwise whether the indorsers are liable or not. The copy of the note contradicts the allegation in the petition, that it was. made payable in the city of Burlington. No place of payment is designated in the note; nor is it alleged that there was any subsequent agreement between the parties that it should be paid in said city. In the absence of any place being designated where the same is payable, the law fixes

such place at the residence, or place of business, of the makers. The plaintiff does not show that such place of residence was not within the state or unknown to the holder. It barely shows that it could not be found in the city of Burlington, and that the inquiry was confined to that place alone; and none even was made of the indorsers thereon who were residents of said city.

As to whom such a note must be presented we think is well settled by the authorities. A note being made payable at large it is due at any and every place; but for the purpose of charging the indorser it must be presented for payment to the maker personally, at his residence, or place of business. Edw. on Bills, 159. There are certain exceptions to this rule. *First,* where the maker is a seamen and absent on a voyage. *Second,* where the maker has no known residence or place of business at which the note can be presented. *Fourth,* where the maker, before maturity, takes up his residence elsewhere. Ib. 479. " Where there has been no removal after the making of the note the holder must present it to the maker personally, at his residence or place of business, no matter whether that be in the State where the note was made or in a foreign country." Ib. 485. If there be no other evidence of the maker's residence than the date of the paper, the holder must make inquiry at the place of such date; and the presumption is that the maker resides where the note is dated, and that he contemplated payment at the place. But it is a presumption only, and if the maker resides elsewhere within the State, when the note falls due, and that be known to the holder, demand must be made at the maker's place of residence. 3 Kent's Com. 97.

In the cases of *Thompson* v. *Ketchum,* 4 Johns. 285, *Anderson* v. *Drake,* 14 Ohio 114, and *Stewart* v. *Eden,* 2. Caines 127, it was held, that the place where a note was dated was not evidence of the residence of the makers. In *Fisher* v. *Burney,* 5 Binn., it was contended in the argument

that the place where the bill was drawn and dated must be taken to be the residence of the drawer, and that the holder was not bound to look for him elsewhere.  But the Chief Justice said he knew of no such principle, and that the proper place to give notice to the person entitled to receive it was at his permanent residence.    See also *Lowry* v. *Scott*, 24 Wend. 358 ; *Bank of Utica* v. *De Mott*, 13 Johns. 432 ; *Barnwell* v. *Mitchell*, 3 Conn. 101.   The inquiries of the holder of the note sued on to ascertain the residence of the maker, being confined to the city of Burlington alone, does not show such diligence as would charge the indorsers. The court did not err in sustaining defendant's demurrer.

Judgment affirmed.