WILLARD PARKER, JR., et al., as Executors, etc., Appellants, *v.* ALBRO B. STROUD et al., as Executors, etc., Respondents.

No cause of action arises against an indorser of a promissory note payable on demand, at a place specified, until demand is made in compliance with the terms of the contract and due notice of non-payment; a demand by letter is insufficient.

The holder of the note is not chargeable with neglect for omission to make such demand within any particular time.

Until, therefore, demand is made at the place named, the statute of limitations does not begin to run in favor of the indorser.

*Parker* v. *Stroud* (31 Hun, 578), reversed.

(Argued February 6, 1885; decided March 3, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 20, 1884, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial. (Reported below, 31 Hun, 578.)

The nature of the action and the material facts are stated in the opinion.

*Earl L. Stimson* for appellants. The maker of a demand note is liable thereon without demand; as to him it is a debt due presently, and an action lies against him thereon at once. (*Haxtun* v. *Bishop*, 3 Wend. 13; *McMullen* v. *Rafferty*, 89 N. Y. 459.) In order to charge the indorser of any negotiable promissory note with the payment thereof, a demand of payment must be made at the place of payment named in the note, if any there is, and the averment and proof must be made accordingly. (Story on Promissory Notes, § 230; *Bk. of U. S.* v. *Smith*, 11 Wheat. 171; Edwards on Bills, 496; *Woodworth* v. *Bk. of America*, 19 Johns. 391; *Seneca Co. Bk.* v. *Neass*, 5 Denio, 329; 1 Daniel on Neg. Instr. 511, § 644 [3d ed. 588, § 661]; *Ferner* v. *Williams*, 37 Barb. 9; *Caldwell* v. *Cassidy*, 8 Cow. 271; *Niagara Dist. Bk.* v. *Fairman*, 31 Barb. 403; *Meyer* v. *Hibsher*, 47 N. Y. 265; 3 Kent's Com. [8th ed.] 122, m. p. 95.) A sufficient demand cannot be made through the post-office. (Chitty on Bills [12th Am. ed.] 415, m. p. 369, note; 1 Daniel on Neg. Instr. 518; *Stuckert* v. *Anderson* 3 Whart. 116). The indorser was not released by the plaintiff giving, or agreeing to give, time to the maker of the note. (*Parmelee* v. *Thompson*, 45 N. Y. 58; *Reynolds* v. *Ward*, 5 Wend. 500; *Kellogg* v. *Olmstead*, 25 N. Y. 189; *Dennick* v. *Hubbard*, 27 Hun, 347.) The indorser was not released through the makers becoming insolvent during the holder's delay in demanding payment. (1 Daniel on Neg. Instr. [3d ed.], § 671; *Howe Machine Co.* v. *Farrington*, 82 N. Y. 121; *Colgrove* v. *Tallman*, 67 id. 95; *Beardsley* v. *Warner*, 6 Wend. 610; *Smith* v. *Erwin*, 77 N. Y. 466; *Clark* v. *Sickler*, 64 id. 231.) The

note in suit, being a negotiable promissory note, payable on demand, with interest, was a continuing security, on which the indorser remained charged until actual demand; and the plaintiff was not chargeable with neglect for omitting to make demand within any particular time. (*Merritt* v. *Todd*, 23 N. Y. 28; *Pardee* v. *Fish*, 60 id. 265; *Herrick* v. *Woolverton*, 41 id. 581, 594; *Wheeler* v. *Warner*, 47 id. 519; *Crim* v. *Starkweather*, 88 id. 339, 343.) The action against the indorser was not barred by the statute of limitations. (*Brush* v. *Barrett*, 82 N. Y. 400; 1 Daniel on Neg. Instr. [3d ed.], §§ 669, 671; *Pardee* v. *Fish*, 60 N. Y. 270; *Herrick* v. *Woolverton*, 41 id. 581.) An action against the indorser of a negotiable promissory note, payable upon demand, with interest, cannot be barred by the statute of limitations prior to demand. (*Herst* v. *Brooks*, 50 Barb. 334.) The action may be barred by the statute as against the maker of such a note. (*Wheeler* v. *Warner*, 47 N. Y. 519; *De La Vallette* v. *Wendt*, 75 id. 579.) The action may be barred as against a guarantor, as distinguished from an indorser of a note. (*Bartholomew* v. *Leaman*, 25 Hun, 619.) The action may be barred as against one who merely writes his name upon the back of a non-negotiable promissory note, payable upon demand, whether with or without interest, for he is but an additional maker or a guarantor, and not an indorser in the commercial sense. (*McMullen* v. *Rafferty*, 89 N. Y. 456.) Even if there had been no payments from the date of the note down to the commencement of this action, the indorser would not have been released by such omission, for two reasons: First, there was no cause of action against him until notice of dishonor; second, the discharge of the principal would have been by operation of law, and not by the act of the creditor, and where such is the case the surety is not released. (Story on Contracts, § 569; Brandt on Suretyship and Guar., § 126; *Phelps* v. *Burlam*, 30 Hun, 362.) The note in suit is not within the purview of section 410 of the Code of Civil Procedure. (Laws of 1876 [appendix 302, note to § 410]; 2 Laws of 1876, 75; *Forrest* v. *Forrest*, 10 Barb. 46; *Meehan* v. *Mayor*, etc., 16 N. Y.

Weekly Dig. 346; 17 id. 193; *S. C.*, 92 N. Y. 548; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend. 267; *Bronson* v. *Munson*, 29 Hun, 54; *Bk. of North America* v. *Merchants' Nat. Bk.*, 91 N. Y. 106.) To hold that this action is barred by the provisions of section 410 will be to impair the obligation of the indorser's contract with the plaintiff and thus bring the section within the prohibition of article 1, section 10 of the Federal Constitution. ( *Waltemine* v. *Westover*, 14 N. Y. 16; *Goillotel* v. *Mayor, etc.*, 87 id. 441; *Johnson* v. *A. & S. R. R. Co.*, 54 id. 416; *Smith* v. *Erwin*, 77 id. 466; *Clark* v. *Sickler*, 64 id. 231; *United States* v. *Price*, 9 How. 83; *Richardson* v. *Draper*, 23 Hun, 188; *People, ex rel.* v. *Mayor, etc.*, 90 N. Y. 48; Story on Const., § 1385.) The defendants have failed to plead the statute, and it is not available to them as a defense. (*Budd* v. *Walker*, 29 Hun, 344.) The holder's knowledge of the maker's inability or indisposition to pay the note did not impose upon the holder the duty to protect the accommodation indorser. (*Beardsley* v. *Warner*, 6 Wend. 610; *Clark* v. *Sickler*, 64 N. Y. 231; *Smith* v. *Erwin*, 77 id. 466; *Emery* v. *Baltz*, 94 id. 412.) The holder was not guilty of *laches* in not sooner demanding payment at the bank. (*Merritt* v. *Todd*, 23 N. Y. 28.)

*M. E. Barlow* for respondents. Taking the allegation of the complaint as to the time of demand and notice, that is, on February 20, 1880, upwards of nine years from the date of the note, the time was unreasonable, and the indorser was exonerated from liability. (*Furman* v. *Haskins*, 2 Caines, 369; *Sice* v. *Cunningham*, 1 Cow. 397; *Van Hoesen* v. *Van Alstyne*, 3 Wend. 75; *Field* v. *Nickerson*, 13 Mass. 136; Edwards on Bills and Promissory Notes, 391.) It must be admitted that an action could have been brought on the note as due immediately, or on the day next after its date, by the payee against the maker, no other demand being necessary. (*Herrick* v. *Woolverton*, 41 N. Y. 581; *Wheeler* v. *Warner*, 47 id. 519; *Howland* v. *Edwards*, 24 id. 307; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend. 267.) To allow

payments by the maker without the privity or consent of the indorser to extend the payment would be against the principle that time of payment cannot be extended without the consent of the indorser. (*McMillen* v. *Rafferty*, 89 N. Y. 456; *Smith* v. *Ryan*, 66 id. 352; *Harper* v. *Farley*, 53 id. 442; *Hirst* v. *Brooks*, 50 Barb. 334.) The indorser would have every defense of the maker, and as he made no payment and did nothing to extend the time, he can avail himself of the outlawry in the same time. The maker could not extend it against the indorser. (*Herrick* v. *Woolverton*, 41 N. Y. 589.) The case of *Merritt* v. *Todd* (23 N. Y. 28), cited by the plaintiffs, does not control the disposition of this case. (67 Barb. 408; *Hirst* v. *Brooks*, 50 id. 334; *Payne* v. *Gardiner*, 29 N. Y. 146; *Wheeler* v. *Warner*, 47 id. 519; *Pardee* v. *Fiske*, 60 id. 265; *Delavellette* v. *Wendt*, 75 N. Y. 579; *Crim* v. *Starkweather*, 88 id. 339.)

RUGER, Ch. J. The sole defense in this action, is the statute of limitations, and it, therefore, becomes necessary to determine when it commenced to run upon the cause, stated in the complaint. Section 74 of the Code of Procedure being the law in force at the time the obligation in suit was given, reads as follows : " Civil actions can only be commenced within the periods prescribed in this title *after the cause of action shall have accrued*, except," etc. Section 91, subdivision 1, then prescribes the following limitations : " Within six years, an action upon a contract, obligation or liability, express or implied," excepting, etc. These sections contain the limitations applicable to this cause of action, and by determining the time when a right to sue accrued to the holder, against the indorser, upon the demand in suit, we shall have the solution of the question raised by this appeal.

The action is brought against the defendants, as representatives of the estate of the indorser, upon a promissory note made by one Mason reading as follows :

"$1,100.        CANASTOTA, N. Y., *Nov.* 23*d*, 1870.
"On demand I promise to pay to the order of Charles Stroud Eleven Hundred Dollars at the Importers and Traders' National Bank, New York City, value received with use.

"V. W. MASON."

Indorsed: "CHARLES STROUD."

Payment of the note was demanded, and refused at the bank named therein, in February, 1880, and due notice of non-payment was given to the indorser. The action was commenced in March, 1881.

The plain import of the indorser's contract in this case is, that the maker of the note will pay the same at a certain time and place; and if it remains unpaid after demand made at such time and place he will pay it upon notice of its non-payment. (*Berkshire Bank* v. *Jones*, 6 Mass. 524.) It is very clear that no cause of action arises against the indorser, upon such a contract, until after a demand made at the time and place stipulated, and the neglect of the maker to pay the same. The undertaking of the indorser is conditional, and an omission by the holder to comply with the condition imposed, by the contract, under which the indorser's obligation arises, operates to discharge him, altogether from liability. (Story on Promissory Notes, § 230; *Bank of U. S.* v. *Smith*, 11 Wheat. 171.)

A demand of payment, at the place named, is an essential part of the contract so far as the indorser is concerned, and no right of action accrues to the holder until "after demand has been made in strict compliance with the terms of the contract and due notice given of the default." (*Wolcott* v. *Van Santvoord*, 17 Johns. 248; *Woodworth* v. *Bank of America*, 19 id. 392; *Ferner* v. *Williams*, 37 Barb. 10.) This is said to be otherwise as to the maker, for he is under a general obligation to pay the debt, and even a tender of payment by him does not discharge his obligation, although he has contracted to pay the money at a certain time and place. This has been held, so far as the maker is concerned, to have reference only to the mode

of performing the contract, and the neglect of the holder, to demand payment at the time and place, does not discharge the debt as to the maker, but simply subjects the holder to the hazard of being defeated as to costs, upon proof by the maker of readiness to pay at the time and place mentioned. (Authorities above cited.) A question, however, which has been more seriously discussed in the cases arises over the liability of an indorser, upon a note payable on demand, and bearing interest, with respect to the time, when it shall be considered due. Since the case of *Merritt* v. *Todd* (23 N. Y. 28) no determination contrary to the principles there laid down has been made in this State, and although that decision has been somewhat criticised in later cases, it has now been acquiesced in too long, as the law of the land, to be open to question or dispute. The case was expressly followed in *Pardee* v. *Fish* (60 N. Y. 265), and was conceded to be the law, upon the same facts, in the later cases in this court, in which it has been referred to. (*Herrick* v. *Woolverton*, 41 N. Y. 581; *Wheeler* v. *Warner*, 47 id. 519; *Crim* v. *Starkweather*, 88 id. 339.)

The rule laid down in *Merritt* v. *Todd* is stated in the head-note as follows: "A promissory note payable on demand, with interest, is a continuing security, an indorser remains liable until an actual demand, and the holder is not chargeable with neglect for omitting to make such demand within any particular time." The facts of this case bring it directly within the rule thus laid down.

Any question which may arise, as to the liability of an indorser, upon a promissory note payable with interest, on demand, upon which the statute has been allowed to run, by its holder in favor of the maker, is unnecessary to consider in this case, as the note here has been kept alive against the maker by the payment of interest, and the indorser has always had it in his power, to end his liability by taking up, and enforcing it against the maker.

While the long delay in this case, presents one of extreme indulgence on the part of the holder, to the maker, and to appear susceptible of unfair operation against an indorser, yet

it comes clearly within the principle decided in *Merritt* v. *Todd*, and consistency as well as certainty in legal rules, constrains us to adhere to the rule there laid down.

It was said in the court below, and has been urged in the argument before us, that certain letters addressed by the holder to the maker, requesting payment, operated as a sufficient demand, to cause the statute to commence to run against the note, in favor of the indorser. The authorities hereinbefore cited seem to show that no such request or demand is sufficient to support a cause of action against the indorser of a note payable at a particular time and place; and even a letter from the maker stating his inability to make payment, does not excuse the necessity of a formal demand. (*Pierce* v· *Whitney*, 29 Me. 188.) Indeed such a demand is ineffectual for any purpose, except, perhaps, from the reason assigned, a waiver of a more formal demand may be implied as against the person upon whom it is made. (*Lockwood* v. *Crawford,* 18 Conn. 361; *King* v. *Crowell*, 61 Me. 244.)

The theory upon which a demand, required either by the terms of a contract, or the rules of law, is made necessary, is to enable the party liable to perform, an opportunity to protect himself, by performance, from suit and costs. If upon a demand by letter the maker remains silent, or having the means to perform, awaits a demand accompanied by an authority to accept performance, it cannot be said that he has committed a breach of his contract. (1 Pars. on Bills and Notes, 372.) It is essential to the validity of a demand, that it shall be made by a person authorized to receive payment, and deliver the instrument upon which it is founded, and the person upon whom it is made, must then be afforded an opportunity, by immediate payment or performance, to protect himself from the consequences of a breach of contract. (1 Daniels on Negotiable Instruments, 518; *Tredick* v. *Wendell*, 1 N. H. 80; *Doubleday* v. *Kress*, 50 N. Y. 410.) The obligation to make a demand, implies an opportunity afforded for performance, and there must be a person present to receive payment, as well as one from whom payment is demanded, in order to establish a breach of contract. Not only does the nature of the act,

lead to the conclusion that a demand by letter is insufficient to charge the indorser, but the principles laid down by elementary writers, as well as those adjudged in numerous reported cases, are uniform to the same effect. (3 Kent's Com. [11th ed.] 128; 1 Daniels on Neg. Inst. 518; Chitty on Bills [12th Am. ed.] 415; 1 Pars. on Bills and Notes, 371; *Barnes* v. *Vaughan,* 6 R. I. 259; *Stuckert* v. *Anderson,* 3 Whart. 116; *Gillispie* v. *Hanahan,* 4 McCord, 503; *Hartford Bank* v. *Green,* 11 Iowa, 476.)

In accordance with these authorities, we must hold that the request, contained in the letters referred to, did not operate as such a demand as the law requires to charge an indorser. It has of course been frequently held that the liability of the maker upon such a note, rests upon different principles from that of an indorser, and that as to him no demand is necessary in order to entitle the holder to bring suit upon it. (*Wheeler* v. *Warner,* 47 N. Y. 519; *Howland* v. *Edmonds,* 24 id. 307.) This doctrine was recognized in *Merritt* v. *Todd,* and it has been held in other cases that the dishonor of a demand note, as against its transferee, may be presumed, from the lapse of time, occurring between its date, and transfer, so as to let in an equitable defense, existing in favor of the maker against its payee (*Herrick* v. *Woolverton,* 41 N. Y. 581), but these cases do not affect the principle upon which the liability of an indorser, upon a similar note, is made by the cases to depend.

It is also argued by the appellants that the reception by the holder, of payments of interest, by the maker extended the time of payment of the note, and thus discharged the indorser.

It is quite obvious that such acts did not extend the time of payment on the note, and constituted no obstacle to the indorser's right to take it up and enforce its collection against the maker.

It follows from these views that the judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgments reversed.