(17 App. Div. 232.)

NATIONAL HUDSON RIVER BANK v. MOFFETT et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

BILLS AND NOTES—MATURITY OF DEMAND NOTE—INDORSERS.
    A letter written by a bank to the maker of a note payable at such bank on demand, requesting payment on a day specified, does not show such a demand as to mature the note and require protest on the day specified, in order to charge the indorsers, where it does not appear what reply was made to the letter, or that the maker had any funds in the bank.

Appeal from trial term, Columbia county.

Action by the National Hudson River Bank against John F. Moffett and others on a promissory note. From a judgment entered on a decision of the court in favor of plaintiff on a trial before the court without a jury, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Louis Marshall, for appellants.

C. P. Collier, for respondent.

MERWIN, J.    This action is upon a promissory note, dated August 28, 1890, made by the Kinderhook & Hudson Railway Company, for the sum of $5,000, payable on demand, after date, to the order of Moffett, Hodgkins & Clarke, at the National Hudson River Bank, with interest.    This was duly delivered to and indorsed by the payees and discounted by the plaintiff.    On the 6th of July, 1893, the cashier of the plaintiff wrote and mailed to the treasurer of the railway company a letter in which is the following: "The stringency in the money market compels us to call the $5,000 demand loan on the 16th of July, which will give you ten days' notice from to-day." On the 17th of August, 1893, the cashier of the plaintiff wrote and mailed to the treasurer of the railway company a letter in which is the following: "Once more I call on you for payment of the $5,000 demand note, called some time since.    Don't fail to send it by Monday next, August 21."    On the 18th of December, 1895, the note was duly presented for payment at the place where it was made payable, and payment thereof duly demanded, which was refused, whereupon the note was duly protested for nonpayment and due notice given to the indorsers.

The claim of the appellants, the indorsers, is that the legal effect of the letters of July 16 and August 17, 1893, was to mature the note, and that, by reason of the failure of the plaintiff at either of those times to protest the note for nonpayment, they are discharged. What reply was made to either letter, or what occurred at the end of either period mentioned in the letters, the evidence does not show. It does appear that the note was not paid.    It is shown that no demand was then made at the bank where it was payable.    In Parker v. Stroud, 98 N. Y. 379, it was held that a demand by letter was insufficient to mature a demand note as against an indorser, that a demand at the place named was an essential part of the contract, and the indorser was entitled to a strict compliance.    In that case the bank where the note was payable was not the holder of the note, and therefore, as the appellants say, the rule should not apply here. We are referred to numerous cases where it has been held that, where a bank at which a note is payable is the holder thereof, a formal demand is unnecessary.    Those were cases where the notes were payable, not on demand, but at a specific date, and it was held that, if the fact appeared that at that date there were no funds at the bank for the payment of the note, a formal demand was not necessary. These cases are not controlling in the present case.    A demand that the note should be paid at some future day was hardly the demand

required by the note. It showed an intention to have the note mature at a certain day in the future, but apparently the intention was in some unknown way changed. At least it was not carried out and perfected by such a demand as the note called for. It does not appear whether or not, at either of the dates, the maker had any funds in the bank. The delay of the bank in making the demand was not a defense to the indorser. Merritt v. Todd, 23 N. Y. 28. The contention of the defendants is not, we think, made out.

Judgment affirmed, with costs. All concur.