### FILLER v. GALLANTCHECK.

(Supreme Court, Appellate Term. November 7, 1900.)

ACTION ON NOTE—DEMAND.

    An action will not lie against the indorser of a note where there is no evidence of demand on the maker.

Appeal from municipal court, borough of Manhattan.

Action by Harris Filler against Barnett Gallantcheck. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

I. Ellis, for appellant.

L. J. Jacoves, for respondent.

PER CURIAM. There was no evidence that there had been a demand for payment of the note upon the maker. The judgment against the appellant is therefore reversed, and a new trial is ordered; costs to abide the event. See Parker v. Stroud, 98 N. Y. 379.

---

(32 Misc. Rep. 674.)

### JAMES v. COE.

(Supreme Court, Appellate Term. October 26, 1900.)

LANDLORD AND TENANT—ACTION FOR RENT—SURRENDER—EVIDENCE.

    Where defendant in an action for rent alleged as a defense that prior to the date when the rent accrued there was a surrender of the term, which was accepted, and defendant offered evidence of such surrender, relying on a new lease made by plaintiff to a third party, on which defendant became surety, it was error to exclude a letter written by defendant to plaintiff's agents, and conversations between said agents and defendant, offered by plaintiff to show what the agreement was which led to the execution of the new lease, that a surrender was not contemplated, and that the new lease was made in pursuance of a clause in the original lease providing for a reletting on defendant's account.

Appeal from city court of New York, general term.

Action by D. Willis James against William R. Coe. From a judgment of the general term (64 N. Y. Supp. 1109) affirming a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Green & Stotesbury, for appellant.

Cowen, Wing, Putnam & Burlingham, for respondent.

PER CURIAM. We think that it was error for the trial justice to exclude the letter written by the defendant to the plaintiff's agents, as well as the conversations between said agents and the defendant, which the appellant's counsel sought to elicit on the trial. The action was brought for the recovery of rent under a written lease. The defense was that prior to the date when said rent is alleged to have accrued there was a surrender of the term by the tenant, which was accepted by the plaintiff. The defendant, upon the trial, offered