(64 App. Div. 331.)

## BRINK v. STRATTON et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. NOTE—SURETYSHIP—DEFENSE—BURDEN OF PROOF.

   Where an action on a joint and several note bearing on its face no evidence of having been signed by sureties is defended on the ground that the two makers whose names were first appended to the note were sureties, the burden is on them to prove such defense.

2 SAME—EVIDENCE.

   Where an action on a note bearing on its face no evidence of having been signed by sureties is defended by some of the makers on the ground that they were sureties, the jury is not obliged to believe any of the witnesses testifying to that fact as against the evidence of the note itself.

3. SAME—EXTENSION OF TIME.

   Plaintiff sued on a joint and several note, signed by three makers, payable on demand. Two of the makers defended on the ground that they were sureties for the third, and that the time of payment had been extended without their consent. It appeared that the principal had arranged with plaintiff to discount a note at three months, indorsed by plaintiff, and turn the proceeds over to plaintiff with the understanding that when the discounted note was satisfied it should be allowed in payment of the note in suit. *Held*, that this transaction did not prejudice the rights of the sureties so as to discharge them.

Appeal from trial term, Orange county.

Action on note by Leander Brink against William D. Stratton and others. From a judgment in favor of plaintiff and an order denying a motion for a new trial on the minutes, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Thomas Watts, for appellants.
John F. Bradner and William Vanamee, for respondent.

WOODWARD, J.   This action was brought to recover upon a promissory note in words and figures as follows:

"$850.00                                Middletown, N. Y., July 1st, 1893.
    "On demand we or either of us promise to pay to the order of Leander Brink eight hundred and fifty dollars at his office, value received, with interest from date.                                W. D. Stratton.
                                                        "E. A. Brown.
                                                        "Corey & Co."

The defendants Stratton and Brown, who alone answered, admitted the making and issuing of the note, but set up that the said defendants Stratton and Brown signed said note as surety for the defendant Horace W. Corey, or Corey & Co., and upon information and belief "that on or about the 1st day of August, 1893, the plaintiff demanded payment of said note from the said Corey & Co., or the defendant Horace W. Corey, and that at the time of said demand, or thereabouts, and many times thereafter, the time was extended by the plaintiff for the payment of said note, without the consent or knowledge of the defendants Stratton and Brown, or either of them; and that the said note was never protested, and no notice of protest was ever given the said defendants Stratton and Brown, or either of them"; and, still upon information and belief, "that the said note was paid and satisfied by the defendant Horace W. Corey, or the said Corey & Co., the time of said payment being unknown to the said defendants Stratton and Brown, or either of them." The issues thus presented were tried before a jury, resulting in a verdict for the plaintiff. From the judgment entered upon such verdict, and from an order denying a motion for a new trial upon the minutes, defendants Stratton and Brown appealed to this court.

The note upon which this action is based, and which is set out in full above, certainly bears none of the evidences of having been made by Corey & Co. with Stratton and Brown as sureties. It is, upon its face, a joint and several note of the parties, and, if it was intended that W. D. Stratton and E. A. Brown were to stand merely as sureties, the parties were singularly unfortunate in the choice of terms to express the contract, as well as in the form of the instrument; for it is hardly to be expected that persons who are understood to occupy the position of sureties will, under ordinary circumstances, take precedence in the matter of signing an obligation involving $850. It is not the method ordinarily adopted by prudent business men in a transaction of this importance; and, with the making and delivery of the note admitted, the defendants assumed the burden of proof of the facts constituting a defense. The jury found the facts in favor of the plaintiff, and, as they were not obliged to believe any of the witnesses as against the evidence of the note itself, which is conceded to be genuine, and which is not shown to have been paid, it is not very apparent how the defendants can hope to succeed upon this appeal, especially as there is a conflict of evidence upon the material issues outside of the note, which the jury have resolved in favor of the plaintiff.

The first point urged by the appellants is that "the extension of the time of payment of the original note by the plaintiff, without the

knowledge of the defendants Stratton and Brown, relieves them from liability as sureties upon the note." This point assumes two facts, neither of which appears to have been established to the satisfaction of the jury. One is that the plaintiff extended the time of payment of the original note, and the other is that the defendants Stratton and Brown were sureties, instead of joint and several makers of the note in suit. We fail to find any evidence in the case that the plaintiff accepted this note upon any other terms and conditions than those expressed in the note, in which the defendants agreed that "on de-. mand we or either of us promise to pay to the order of Leander Brink eight hundred and fifty dollars at his office, value received, with inter-est from date." While it may be that, as between the parties who signed the note, there was an understanding, expressed or implied, that Corey & Co. were the makers of this note, and that Stratton and Brown were indorsers or sureties, no notice of this condition was brought home to the plaintiff, and the consideration upon which he appears to have parted with his money (for it is conceded that the plaintiff loaned the defendants this amount of cash) was the receipt of the joint and several note of the defendants without any other limitations than those expressed in the contract. This view of the matter is fully supported by the evidence of the plaintiff, and is consistent with the whole transaction. The circumstances out of which this controversy arose appear to be as follows: The defendant Corey was a real-estate dealer and speculator, and in 1893 negotiated for the purchase of certain real estate in the county of Sullivan, with the intention of organizing a corporation and developing a water power for the production of an electric current to be used commercially. Associated with him in this enterprise were Messrs. Stratton and Brown, and when the time came for the payment of the purchase price of the property none of the parties had the ready money. In this situation Corey went to the plaintiff, and asked him to loan the parties the sum of $2,550, this being the amount of the purchase. The plaintiff did not have the full amount needed, but he was in business. The defendants were customers of his, and for the purpose of accommodating them he made arrangements to secure the sum required, and took it to the office of Corey, where, in the presence of Stratton and Brown, the lump sum was delivered, the plaintiff taking two notes, one for $1,700, the other for $850; the latter being the note now in suit. Both notes were alike in form, were signed by the same parties, and were in all respects duplicates, except as to the amount. The $1,700 note was paid some time subsequently, but the $850 note was never demanded or paid, so far as the evidence discloses. Some time after this transaction Corey had a conversation with the plaintiff, in which Corey proposed to pay this amount by getting the plaintiff to indorse a note at one of the banks, using the proceeds for this purpose. This proposition the plaintiff declined, but, as the latter was in need of money to take the place of that which he had borrowed to accommodate the plaintiff, it was agreed between the plaintiff and Corey that the plaintiff would indorse Corey's note payable to the order of John E. Corwin, and that Corey should secure the discount of this note, turning over the funds to the plaintiff, who

was to make use of the money to meet his own obligations; and upon a payment of this note the plaintiff agreed to apply the sum upon the payment of the original note. The plaintiff testified to these facts, and says that he distinctly stated to Corey that he would not relinquish any of his rights under the joint note. It is because of this note, given for three notes, and from time to time renewed, that the defendants Stratton and Brown claim that they have been relieved as sureties upon the original note. Assuming, for the purposes of the discussion, that the defendants have established that were mere sureties for Corey, did the giving of this note, under the circumstances, result in relieving the defendants now before this court? The original note was made payable on demand. It was not due until it was demanded by the payee of the note (Shutts v. Fingar, 100 N. Y. 539, 541, 3 N. E. 588, 53 Am. Rep. 231), and it can hardly be said that the taking of a note for three months operated as an extension of the time of a note which was not payable at any given time, and which the payee might, at his option, extend for a term of years, the only limitation being that he must make the demand inside of six years (Shutts v. Fingar, 100 N. Y. 542, 3 N. E. 588, 53 Am. Rep. 231, and authorities there cited). The rule has been recognized and followed from Merritt v. Todd, 23 N. Y. 28, 80 Am. Dec. 243, to the present time, that a promissory note payable on demand, with interest, is a continuing security, and an indorser remains liable until an actual demand, and the holder is not chargeable with neglect for omitting to make such demand within any particular time. Parker v. Stroud, 98 N. Y. 379, 385, 50 Am. Rep. 685. The contract of the defendants Stratton and Brown, considering them as sureties, was to continue in that relation until the plaintiff demanded payment; and if it be conceded that the plaintiff accepted the note of the defendant Corey, with his own indorsement, with the understanding that if the note was paid at the end of three months it should discharge the original obligation, it did not operate to change the contract of suretyship, for until the plaintiff demanded payment upon the original obligation there was no liability on the part of the defendants Stratton and Brown, indorsers or sureties. The opportunities given the defendant Corey to pay the amount of the note in the meantime did not operate to prejudice any rights of the appellants, who could not have forced the plaintiff to accept payment from them at any time within a period of six years in such a manner as to permit them to be subrogated to the rights of the plaintiff. If the original note had been made payable at a certain time, and the plaintiff had accepted the note of Corey, extending the time beyond the period fixed in the original note for its payment, so that the defendants Stratton and Brown could not pay the same, and proceed against the principal debtor, a different state of affairs would be presented. But even under those circumstances the rule is well established that giving time by a creditor to his principal debtor will not discharge the surety, if there be an agreement between the creditor and the principal debtor that the surety shall not be discharged; and this rule of law is applicable to parties to bills of exchange and promissory notes, who are liable only on the failure of prior parties, though

they are not technically sureties of those parties. Sohier v. Loring, 6 Cush. 537, 545; 4 Am. & Eng. Enc. Law, 506, and authorities cited note 5. The plaintiff testifies positively that he refused to accept the note of Corey in payment of the original note; that he merely indorsed a note for Corey with the understanding that the proceeds of this note should be made available to himself, to take the place of money loaned to the three defendants; and that upon the payment of this note by Corey it should operate to discharge the original obligation. He likewise testifies that he distinctly stated that he would not surrender any of his rights in the original note. The fact that the plaintiff did not surrender the joint obligation, and that he was not requested to do so by any of the parties, would seem to strongly support the conclusion, which was evidently reached by the jury, that the plaintiff did not waive any rights in the premises.

We have examined the exceptions urged by the defendants, as well as the successive points suggested in argument, but we do not find reversible error. The defense appears to be based upon a misunderstanding of the law as applied to the facts in this case, and the exceptions have been taken under this same misapprehension. The evidence is clearly with the plaintiff, who loaned his money to the defendants on the strength of the written promises of each and all of them to repay the same upon demand; and the fact that he has good-naturedly refrained from making the demand, while permitting one of the debtors to make an effort to pay one-third of the original indebtedness, ought not to be allowed, and it cannot be allowed under the law, to defeat his recovery in this action. Nothing that he has done in the premises has operated to prejudice any of the rights of the defendants Stratton and Brown. Not even the interest has been allowed to accumulate against them up to within a very short time of the bringing of this action, and they are now practically in the same position that they would have been in had the plaintiff made his demand upon them within 30 days of the original loan. The equities are all with the plaintiff. He has been obliged to pay the amount of the note given by Corey, less a payment of $100 made on account, for which he gives credit on the amount of the note now due; and, the verdict of the jury being in harmony with the facts which are fairly established by the evidence, nothing remains except to affirm the judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.